(62 App. Div. 508.)

### PEOPLE v. BUTLER.

(Supreme Court, Appellate Division, Third Department. June 28, 1901.)

1. ARSON—INDICTMENT—PROOF—VARIANCE.

Pen. Code, § 488, subd. 1, makes the willful setting on fire of a structure at the time insured, with intent to prejudice the insurer, arson in the third degree; and under subdivision 2 the crime may be committed by burning a structure not within the curtilage, and in which there is at the time no human being. *Held*, that where defendant was charged in the indictment with burning his barn, at the time insured, with intent to prejudice the insurer, he could not be convicted, as under subdivision 2, on evidence merely showing that, if he burned anything, it was his wife's barn.

2. SAME—EVIDENCE OF AN ACCOMPLICE—CORROBORATION.

Where the evidence in corroboration of an alleged accomplice was slight, and the case close, it was error to refuse to charge that evidence that defendant was in the society of the accomplice was not sufficient corroboration, and that such relations were as consistent with innocence.

3. SAME—CREDIBILITY OF WITNESS.

Where, on prosecution for arson, a witness testified that accused had hired him to burn the building, and there was evidence that witness had stated that the alleged accomplice had said that the insurance company had promised him, if he would swear against accused, that they would do all that money could to help him out of the scrape, it was error to refuse to charge that any money offered or promise made by the insurance company or anybody else to induce such accomplice to testify was material, as bearing on his credibility.

4. SAME—EVIDENCE—ACCOMPLICE—OTHER CRIME.

On a prosecution for arson for burning a barn, an alleged accomplice testified he had been hired to burn the barn, and that after the fire the defendant refused to pay him unless he would also fire a house, in pursuance of which he did burn the house. *Held*, that the evidence as to the payment and burning of the house was irrelevant, as proving a distinct crime.

5. SAME—DECLARATIONS OF ACCOMPLICE.

On trial of a prosecution for arson, defendant was asked on his cross-examination if he had heard that a certain alleged accomplice had confessed, and, on answering in the affirmative, he was shown a paper, and asked if he had ever seen that confession. *Held*, that the acts and declaration of the accomplice so referred to were inadmissible.

Appeal from Chenango county court.

James W. Butler was convicted of arson in the third degree, and he appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

71 N.Y.S.—9

Hubert C. Stratton, for appellant.
Wordsworth B. Matterson, Dist. Atty., for the People.

PER CURIAM. The defendant was indicted for arson in the third degree. The charge was that he caused his own barn to be burned, which was insured at the time, with intent to prejudice the insurer. That was charging the commission of the crime as defined in the first subdivision of section 488 of the Penal Code. Arson in the third degree, under the second subdivision of that section, might be committed by burning a barn or other structure not within the curtilage, nor adjoining an inhabited building, and in which there was at the time no human being. The charge, however, in this indictment, is confined to the crime as defined in the first subdivision, and evidently it was incumbent upon the people to convict the defendant of having been guilty of the acts which are therein specified; that is, not only must they show that the defendant burned the barn, but that it was one which was insured at the time, and that he did it with intent to prejudice the insurance company. Upon the trial, when the people rested, they had proven that the barn burned was not the property of defendant, but was his wife's. There was also no proof whatever that it was insured. The defendant thereupon moved that he be discharged on the ground that the proof varied from the offense as charged. This motion was denied. At that stage of the case it appeared that, if the defendant burned anything, he burned his wife's barn. That was all. Clearly, that was arson in the third degree, within the provisions of the second subdivision of that section, but it fell far short of the arson charged in the indictment. Subsequently, however, and while the defendant was introducing his evidence, the people were allowed to show by one of his witnesses, and under his objection, that the barn which was burned was insured in the name of his wife, and that the insurance was subsequently paid to her. There was also evidence in the case tending to show that the defendant stated to those whom he hired to burn the barn that he wanted to get the insurance thereon. The trial judge, however, told the jury that if the defendant hired Cooper and Whitmore to burn the barn, as Whitmore stated he did, then he was guilty of the crime charged in the indictment; that the single question for them to determine was whether the defendant induced Cooper and Whitmore to set fire to the barn, which subsequently did burn on the same evening. "Everything else that has been brought into the case is of no consequence whatever unless it has some bearing upon that single question." Thus the jury were instructed that, if the evidence convinced them that the defendant procured his wife's barn to be burned, they must find him guilty under the indictment; and the element of insurance and the intent to prejudice the insurer which are required by the first subdivision, and which are charged in the indictment, were entirely taken from their consideration. It seems clear that the theory of the people and the holding of the court upon this trial was that, when it appeared that the barn was not the defendant's, they might convict this defendant, under

the second subdivision of section 488, by proving that he hired Cooper and Whitmore to burn his wife's barn; and so the charges concerning his intent to defraud the insurance company were abandoned. We are of the opinion that such a conviction should not have been had. Every fact charged in the indictment seems to have been abandoned. The jury have not found that he burned his own barn. They have not found that the barn he did burn was insured, nor that he burned any barn with intent to prejudice any insurer, because those questions were taken from them by the charge of the court. They have found him guilty, however, because he burned another person's barn,—an act with which the indictment did not pretend to charge him. The facts upon which the people rely to prove the crime must be alleged in the indictment, and the proof must be as charged. It was error to charge the facts specified in the first subdivision, and prove those other and different facts required in the second subdivision. People v. Dumar, 106 N. Y. 502, 13 N. E. 325; People v. Flaherty, 162 N. Y. 539, 540, 57 N. E. 73.

The barn burned on the night of January 20, 1897. It is claimed that James Cooper and Henry Earl Whitmore set it on fire, and that the defendant hired them to do so. The said Whitmore testified to that effect, and he is the only witness who testified to the hiring. There is no claim that the defendant had any part in the burning, save that he procured it to be done by these two persons. Evidently Whitmore was an accomplice with Cooper and the defendant in the crime to which he testified, and a conviction of the defendant could not be sustained upon his uncorroborated testimony alone. Code Cr. Proc. § 399. Inasmuch as the defendant is connected with the burning only through his procuring or inducing them to burn it, it was necessary for the people to corroborate Whitmore's testimony upon that very question. Did he induce Cooper and Whitmore to set fire to the barn? Evidence corroborating Whitmore's statement that they burned the barn does not reach that point. Much of the evidence which the people claim to be corroborative on this question is evidence of the defendant's declarations showing a desire on his part that the barn and house would burn, so he could get the insurance. If it is a legitimate conclusion that, because a man wishes his buildings would burn, he would be likely to hire some one to burn them, such evidence may be deemed corroborative in its character; but it is of a kind that should be received with great caution, and certainly, alone by itself, should be given but little weight. The other evidence tending to corroborative Whitmore upon this question is that of his brother Pearl, who says that on the afternoon of the 20th the defendant was up to the house where he, Earl Whitmore, and Cooper were living, and had a talk with Earl and Cooper. He does not pretend to know what they were talking about. But he says that, as the defendant left, he asked him (the witness) if he would go with the boys and help them do a job for him. Witness inquired what it was, and the defendant replied, "You know." Now, this is quite indefinite as evidence that the job he referred to was to burn the

barn. Witness does not assume to say that it was. He says he does not know to what the defendant referred. The defendant testifies that he had been there to get Earl Whitmore to go with his heavy team and draw out some large logs for him, and it seems that soon afterwards this very witness did go and assist in that job. All this, taken together, is, at most, very slight corroboration that the defendant was there to hire the others to burn the barn. And, even if we concede that the evidence relied upon by the people is sufficient to sustain the conclusion of a jury, it constitutes a very close case against the defendant, which should not be prejudiced by any immaterial or irrelevant evidence, or error in the charge, calculated to influence the jury against him.

As bearing upon this question of corroboration, it appears that the court was asked to charge "that evidence showing the defendant was in the society of the accomplices is not sufficient, and such relations are as consistent with innocence." The judge replied, "I do not think that is applicable to this case." It seems to us that such request, in so close a case as this, should have been charged. People v. Courtney, 28 Hun, 589.

The court was further asked to charge "that any money offered or promise made by the insurance company, or anybody else, to Whitmore, to induce him to testify, is material, as bearing on the credibility of the witness." The judge replied: "There is no evidence in the case that promises were made to Whitmore of any kind. You should take that fact into consideration in determining the amount of credibility to give his testimony." Two witnesses had distinctly testified that Whitmore said to them that there was no danger of his going over the road; that the insurance company told him, if he would swear against Butler, they would do all they could do, and all that money could do, to help him out of this scrape. This testimony was given without objection, and had become evidence in the case. With that evidence in the case, which the learned trial judge had probably forgotten, we are of the opinion that the jury should have been allowed to consider it all, and that the defendant's request should have been granted.

During the trial the people were allowed to show by Whitmore, under the defendant's objection and exception, that after the barn was burned the defendant refused to pay him the $25 promised for burning the barn unless he would also burn the house, and that in pursuance thereof he and Cooper did burn the house. The court afterwards struck out the evidence of Whitmore "as to what he did in reference to firing the house," but left in the statement that the defendant refused to pay him until after he had burned it. It was also proven that the house was actually burned. This evidence seems to be material only as tending to prove a separate and distinct crime on the defendant's part, committed after the one for which he was being tried. It was irrelevant and improper, and strongly calculated to prejudice the jury against him, and it was error to receive it.

The people were also allowed to show upon the trial that the alleged accomplice Cooper had absconded. On his cross-examination

the defendant was also required to answer whether he had ever heard that Cooper had made a confession, and he replied that he had heard so. A paper was then held up before him, and he was asked if he had ever seen that confession, and he was required to answer, under objection, whether he had or not. It is very clear that the acts and declarations of Cooper so referred to were not admissible against the defendant, and it was an error plainly calculated to prejudice the defendant to permit them to be given in evidence. Sharp's Case, 107 N. Y. 464, 14 N. E. 319, 1 Am. St. Rep. 851; McQuade's Case, 110 N. Y. 307, 18 N. E. 156, 1 L. R. A. 273.

Without considering the further exceptions to which the appellant's counsel calls our attention, we conclude, for the reasons above given, that the judgment should be reversed, and a new trial granted.