(36 Misc. Rep. 280.)

### PEOPLE v. FRAZIER et al.

(Supreme Court, Special Term, Broome County. November, 1901.)

GRAND LARCENY—INDICTMENT.

> An indictment charged defendants with having appropriated $2,000 to their own use, but did not state that the taking was in the nighttime, and in the same count charged them with unlawfully taking $2,000 from the person of another. *Held*, that the indictment was demurrable for charging in the same count two crimes,—grand larceny in the first degree, by taking property of the value of more than $500 in any manner whatever; and grand larceny in the second degree, by taking property of any value from the person of another.

James Frazier and William Rowley were indicted for unlawfully appropriating certain money to their own use. Demurrer sustained.

Harry C. Perkins, Dist Atty., for the People.

Roberts, Tuthill & Rogers, for defendants.

FORBES, J. This is a demurrer to an indictment, with a motion to dismiss the indictment on the ground: First. That the indictment does not state facts sufficient to constitute the crime charged. Second. That two crimes, punishable in different degrees, are charged in the same count, viz. grand larceny in the first degree and grand larceny in the second degree.

The real danger is found in the form of the indictment, which seems not to be explicit in charging a crime in the first degree, the crime in fact committed. The defendants were indicted and are charged with having unlawfully taken and appropriated to their own use the sum of $2,000. The indictment also charges, in the same count, that the defendants unlawfully took from the person of one Maurice Birdshall a sum of money stated in the indictment to have been $2,000. The language used in the first clause of the indictment does not bring the offense within the first subdivision of section 530 of the Penal Code, since it is not stated that the offense was committed in the nighttime. If properly pleaded the offense should be brought within subdivision 3 of section 530 as grand larceny in the first degree, in taking property of the value of more than $500 in any manner whatever. Grand larceny in the second degree is defined as stealing or unlawfully obtaining property of any value, by taking the same from the person of another. When the crime alleged is grand larceny in the first degree, the manner of taking must be consistent with that offense as it is defined in some one of the subdivisions of section 530.

Were the people compelled to elect, upon the trial, under which subdivision of section 530 they would stand, no evidence could be

given under the first subdivision of section 530, since evidence could not be given of taking the money from the person in the night-time, and therefore a trial of the defendants might be disastrous to the people. People v. Miller, 64 App. Div. 450, 72 N. Y. Supp. 253.

Had the indictment proceeded to charge the offense of grand larceny in the first degree, by repeating the third subdivision, and then in concise language explaining the manner in which that offense was committed in the first degree, the indictment would, undoubtedly, have been sufficient, since it would have then charged but one offense, stating that offense clearly by using the language of the statute, thus giving notice to the defendants of the precise manner of taking, precluding the idea that larceny in the second degree was in any manner intended to be charged. The indictment contains but one count. In an offense so grave as the one charged, prudence requires, at least, that the offense should be charged in separate counts, stating explicitly in each the manner of the taking. Code Cr. Proc. §§ 278, 279; People v. McCarthy, 110 N. Y. 309, 18 N. E. 128. I think the indictment should be construed most strongly against the pleader. Under the authorities cited by the learned counsel for the defendants, it must be held that the indictment does charge two offenses in a single count: First, grand larceny in the first degree; second, grand larceny in the second degree. The indictment does not state facts sufficient to constitute the one offense sought to be charged,—grand larceny in the first degree. Pen. Code, § 530, subds. 1, 3, and section 531, subd. 2; People v. Butler, 62 App. Div. 508, 71 N. Y. Supp. 129; Same v. Dumar, 106 N. Y. 502, 13 N. E. 325; Same v. Adler, 140 N. Y. 331, 35 N. E. 644; Same v. Flaherty, 162 N. Y. 532, 57 N. E. 73; Same v. Hartwell, 166 N. Y. 361, 59 N. E. 929.

The defendants' demurrer must therefore be allowed, and the indictment dismissed. But the court, being of the opinion that the objections on which the demurrer is allowed, and the motion to dismiss is made, can be avoided by a new indictment, therefore directs that the case be resubmitted to another grand jury, and that the district attorney enter an order and direction to that effect, under Code Cr. Proc. § 327, in accordance with the rule and practice of this court; and the sheriff is directed to hold the defendants in custody, if not let to bail, for the next grand jury convened in said county.

Ordered accordingly.