### PEOPLE v. PANYKO et al.

(Supreme Court, Appellate Division, First Department. April 25, 1902.)

1. ABDUCTION — CORROBORATION OF PROSECUTING WITNESS—COMPETENCY OF WITNESSES.

　　Under Pen. Code, § 283, providing that no conviction for abduction can be had upon the testimony of the female abducted, unsupported by other evidence, the testimony of a female alleged to have been abducted by defendants at the same time the abduction charged in the indictment was committed was admissible for the purpose of corroboration.

2. WITNESSES—REFRESHING MEMORY—REFERENCE TO LETTER—RIGHT OF INSPECTION.

　　The prosecuting witness in a prosecution for abduction was allowed to refresh her memory as to the date of the crime by a letter written to her aunt by her just after, according to her testimony, defendant had deserted her in a strange city. The court refused to allow defendant's counsel to inspect the letter, but offered to allow defendant an exception to the ruling. Defendant's counsel stated that he did not want any exception, but wanted the truth, whereupon he was allowed to recall the witness for further cross-examination, by which he secured an admission that witness did not tell her aunt in the letter that defendant tried to have the intercourse with her to which she had testified in chief. *Held*, that the error, if any, in refusing the inspection, was harmless.

Appeal from court of general sessions, New York county.

Woycsek Panyko and Frank Hitter were convicted of abduction, and they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

L. S. Chanler, for appellants.

H. S. Gans, for the People.

PATTERSON, J. These defendants were jointly indicted for kidnapping and abduction, under sections 211 and 282 of the Penal Code. On the trial the charge of kidnapping was abandoned, and a conviction was had upon the abduction count. Upon this appeal the following grounds are urged for a reversal of the judgment: (1) That the evidence was not sufficient to support the verdict; (2) that there was not sufficient corroboration of the testimony of Julia Proft, the principal witness for the prosecution, and the girl alleged to have been abducted by the defendants; and (3) that an error was committed by the court in refusing to allow the counsel for the defendants to inspect a certain letter used by the principal witness for the prosecution to refresh her memory as to a date.

1. The evidence was absolutely convincing that both the defendants were guilty of the charge contained in the indictment of abducting the child, Julia Proft, an infant, under the age of 14 years, with the intent to receive, harbor, employ, use, or cause to be used such female for the purpose of prostitution. Both the defendants are clearly associated with the crime charged in the indictment. The facts, in few words, are these: The defendant Panyko met the child, Julia Proft, in a park in the borough of Manhattan, and asked

her if she did not want employment, to which she responded, "Yes."
He gave her a card, directed to the defendant Hitter, who seemed to
be in charge of some kind of an employment agency. She went with
this card to Hitter, who promised to secure her employment. On the
night of the same day Hitter went to a place called "Dewey Hall,"
where he was informed by Julia Proft she would be, and there he
introduced her to a girl named Annie Dobransky, and said, "This
girl is going to go with you as cook, and you as nurse to children."
The defendant Panyko was present at the time. An appointment was
then made that the girl should be at Hitter's place of business the
following morning. The two girls went there, and were taken by
Hitter to lunch, and afterwards to supper. About 8 or 9 o'clock on
the same night the two girls were taken to the Jersey City ferry
by Hitter and Panyko. Hitter there left them, and Panyko took
them to Philadelphia. There he took them to a furnished room,
stayed in that room with them during the night, attempted to have
intercourse with the Proft girl, which she resisted, but did have in-
tercourse with the Dobransky girl. He afterwards deserted them in
that city, leaving them there penniless. They resorted to prostitu-
tion to gain enough money to return to New York. After their re-
turn, they called on Hitter, and the conversation then had by him
with the girls indicates sufficiently that Hitter was thoroughly con-
versant with the purpose of Panyko in taking the girls to Philadel-
phia. Without going into the evidence in detail, it may be said that
the nefarious design of these two defendants in getting the girls
into their clutches was fully established.

2. The indictment charges the offense to have been committed on-
ly in respect to the abduction of Julia Proft, and she was the prin-
cipal witness to establish the charge. Annie Dobransky fully cor-
roborated in every important detail the story told by Julia Proft.
It is claimed that this is not sufficient corroboration under the stat-
ute, which provides that in cases of this character the testimony of
the female abducted must be corroborated. The provision of section
283 is to the effect that no conviction for abduction can be had upon
the testimony of the female abducted, unsupported by other evidence.
The statute does not declare what the character of the corroborative
evidence must be. All that is required in this case is that the testi-
mony of Julia Proft should be corroborated. The witness Dobrans-
ky, although abducted at the same time, was not rendered incom-
petent as a witness. The effect of her testimony and her credibility
were matters for the jury. She was not disqualified from giving evi-
dence. She was not an accomplice; and, even if she were, she would
be permitted to testify. In People v. Powell, 4 N. Y. Cr. R. 590,
the general term of the supreme court, Third department, say:

"The Penal Code (section 286) declares that no conviction can be had for
abduction upon the testimony of the female abducted, unsupported by other
evidence. Other evidence was given by the defendant's confederate, and,
though he may be an accomplice, the law allows him to testify and give the
'other evidence.'"

If this rule is properly stated as to an accomplice, it applies with
equal force to the testimony of another person abducted by the same

parties and at the same time the offense charged in the indictment was committed. The evidence, I think, was, therefore, competent, and sufficient, if the jury believed it.

3. The date at which the offense was committed was deemed to be material in the progress of the trial, and the witness Proft referred to a letter, which she had written to an aunt while she was in Philadelphia, to refresh her memory as to a date. The counsel for the defendants asked to see the letter, and the court would not allow an inspection, stating that the counsel for the defendants might have an exception to the ruling. The counsel expressly declared that he did not want an exception, but he wanted the truth to come out in the case. Thereupon he was permitted to recall the complainant for further cross-examination, and elicited the fact that, although she wrote the letter to her aunt from Philadelphia, she made no reference in it to any of the matters that occurred there concerning the alleged attempt of Panyko to have intercourse with her, or his deserting her on the public streets. That was evidently a fact the counsel wished to show from the letter, as affecting the credibility of the witness. It is unnecessary now to determine whether he would have been entitled to an inspection of the letter or not. He waived his exception to the ruling of the court refusing the inspection, and, if an error was committed, it was entirely harmless and immaterial.

The judgment should be affirmed. All concur.