# Court of Appeals.

June, 1903.

## THE PEOPLE v. JAMES O'FARRELL.

(175 N. Y. 323.)

1. FORGERY—EVIDENCE—SUFFICIENCY OF EVIDENCE CORROBORATING ACCOMPLICE A QUESTION OF FACT—ABSENCE OF SUCH EVIDENCE PRESENTS QUESTIONS OF LAW—CODE CRIM. PROC., SEC. 399.

Under section 399 of the Code of Criminal Procedure, providing that "a conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the crime," the corroboration must be of a character and quality which tends to prove the defendant's guilt by connecting him with the crime. If there is evidence fairly tending to show such connection, so that the conviction will not rest entirely upon the evidence of the accomplice, then the question whether the evidence is a sufficient corroboration to induce the jury to find against the defendant is for it to determine; but if there be no evidence tending to connect the defendant with the commission of the crime, a question of law is presented, which is reviewable by this court.

2. SAME—TESTIMONY OF TWO ACCOMPLICES MUST BE CORROBORATED.

The testimony of two accomplices does not fulfill the requirements of the statute as to corroboration, and the court erred in denying the defendant's request to advise the jury to acquit and in refusing to charge that there was no evidence corroborating the evidence of the accomplice.

Reversing 73 App. Div. 626.

APPEAL from an order of the Appellate Division of the Supreme Court in the First Judicial Department, entered June 11, 1902, affirming a judgment of the Court of General Sessions of the county of New York rendered upon a verdict convicting the defendant of the crime of forgery in the second degree.

The facts, so far as material, are stated in the opinion.

Lewis Stuyvesant Chanler and Charles Cohn, for appellant.

William Travers Jerome, District Attorney (Howard S. Gans, of counsel), for respondent.

MARTIN, J.: The only questions presented upon this appeal
are: 1. Whether there was sufficient evidence in the case, be-
sides the testimony of two accomplices who were sworn as wit-
nesses for the prosecution, to justify the submission to the jury
of the question of the defendant's guilt; and 2, if not, whether
the fact that two accomplices testified to the crime instead of
one removes the case from the effect of section 399 of the Code
of Criminal Procedure, which provides: " A conviction cannot
be had upon the testimony of an accomplice unless he be cor-
roborated by such other evidence as tends to connect the defend-
ant with the commission of the crime."

As to the first question, we find that there was no proof aside
from the evidence of the accomplices which tended to show that
the defendant was connected with the crime, except the mere
fact that he was shown to be with one of the accomplices in a
place and under circumstances where he might have assisted in
its commission, and that he loaned one of the accomplices his
overcoat.    While formerly the matter of corroboration of ac-
complices rested with the court instead of being required by
statute, still the principle that no person should be convicted
upon the evidence of an accomplice alone has long been asserted
and regarded as practically imperative.    In considering the
character of the evidence required under that rule, it has been
quite uniformly held that the corroboratory evidence must relate
to some material fact or facts which go to prove the prisoner's
connection with or guilt of the crime charged.    " What appears
to be required is, that there should be some fact deposed to, in-
dependently altogether of the evidence of the accomplice, which,
taken by itself, leads to the inference not only that a crime has
been committed, but that the prisoner is implicated in it."
(Roscoe's Criminal Evidence, p. 122.)    That rule was con-
sidered and obviously followed in People v. Plath (100 N. Y.
590, 594).    In that case this court had under consideration a

case of abduction, where the statute provides that no conviction therefor can be had upon the evidence of the female abducted unsupported by other evidence. (Penal Code, secs. 282, 283.) Of such corroborative proof it was said: " It is not indispensable that such corroboration should be furnished by positive and direct evidence, but proof of circumstances legitimately tending to show the existence of the material facts will be sufficient to authorize a conviction. In one form or the other, however, proof must be given, aside from that of the female, tending to establish the commission of a crime, and that it was perpetrated by the person accused before a conviction can be lawfully had." In People v. Page (162 N. Y. 272, 274), which was a somewhat similar case, it was said: " The rule in such cases is that the corroborative evidence, whether consisting of acts or admissions, must at least be of such a character and quality as tends to prove the guilt of the accused by connecting him with the crime. The corroboration must extend to every material fact essential to constitute the crime." (People v. O'Sullivan, 104 N. Y. 481; People v. Kearney, 110 N. Y. 188; Kenyon v. People, 26 N. Y. 203.) It is true those cases arose under a different statute, which provided that no conviction could be had upon the testimony of the person injured, unsupported by other evidence, while the statute under consideration provides that a conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime. Although under those statutes the rule is different as to the amount of corroboration required, still in either case the corroboration must be of a character and quality which tends to prove the defendant's guilt by connecting him with the crime. If there is evidence fairly tending to show such connection, so that the conviction will not rest entirely upon the evidence of the accomplice, then the question whether the evidence is a suffi-

cient corroboration to induce the jury to find against the defendant is for it to determine; but if there be no evidence tending to connect the defendant with the commission of the crime, a question of law is presented which is reviewable by this court. (People v. Everhardt, 104 N. Y. 591; People v. Mayhew, 150 N. Y. 346; People v. Page, 162 N. Y. 272, 277.) After carefully examining the evidence contained in the record, we have reached the conclusion that there was no evidence, independent of that given by the defendant's accomplices, which tended to connect him with the commission of the crime. Indeed, it was practically admitted upon the argument that the corroboratory evidence was insufficient to justify the defendant's conviction.

This brings us to the consideration of the second question, whether the fact that two accomplices testified in regard to the crime instead of one removed the case from the effect of section 399. We think it did not. The obvious purpose of that statute was not to secure the evidence of more than one accomplice, but related to the quality of the evidence rather than the quantity, and was to forbid the conviction of any person upon the evidence of an accomplice or accomplices, unless corroborated by other evidence. In the language of Judge Foster in State v. Williamson (42 Conn. 261, 265): "Merely adding to the number of broken reeds gives no increase of strength. The confirmation required to give the testimony of an accomplice the necessary weight should come from an unimpeached source, not from partners in guilt." Such are the views of the text writers who discuss this subject. Greenleaf in his work on Evidence (vol. 1, sec. 381) says: "If two or more accomplices are produced as witnesses, they are not deemed to corroborate each other; but the same rule is applied, and the same confirmation is required, as if there were but one." The same doctrine is stated in substantially the same language in

1 Taylor on Evidence (sec. 970). In 1 Phillips on Evidence (Cowen & Hill's Notes [4th ed.], p. 113), it is said: "The practice of requiring confirmation, when the case for the prosecution is supported by an accomplice, applies equally when two or more accomplices are brought forward against a prisoner." In Underhill on Criminal Evidence (sec. 75) it is said: "Corroboration by independent evidence is not dispensed with where several accomplices testify against the accused. The accomplices are not deemed to corroborate each other." In Rex v. Noakes (5 Car. & P. 326) it was held that a prisoner ought not to be convicted upon the evidence of any number of accomplices unconfirmed by other testimony. (See, also, Rex v. Neal, 7 Car. & P. 168; United States v. Hinz, 35 Fed. Rep. 272, 281; State v. Williamson, 42 Conn. 261; People v. O'Neil, 109 N. Y. 251.) In the last case the question of the corroboration of accomplices, under section 399, was considered by this court. In that case there were two accomplices who gave testimony as to the commission of the crime, and the question discussed was whether there was such other evidence to connect the defendant with the crime as was required by section 399. While the court did not expressly pass upon the question whether the evidence of two accomplices rendered it unnecessary to produce other evidence, still it was plainly assumed that although there was the evidence of two, it required the same amount of other evidence to connect the defendant with the crime as if there had been but one.

These considerations lead us to the conclusion that the corroboratory evidence was insufficient to justify the submission of the case to the jury; that the testimony of two accomplices did not fulfill the requirements of the statute, and that the court erred in denying the defendant's request to advise the jury to acquit and in refusing to charge that there was no evidence corroborating the evidence of the accomplice Senior.

Hence, the judgment of conviction should be reversed and a new trial granted.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur.

Judgment of conviction reversed, etc.

NOTE ON CODE CRIMINAL PROCEDURE, SEC. 399.

(See the very full notes in 5 N. Y. Crim. Rep. 216; 9 id. 105; 11 id. 300, and 11 id. 520.)

Where the only witness to the hiring of persons to set fire to a barn is one of the accomplices, his evidence cannot be corroborated by defendant's declarations showing a desire on his part that the barn would burn so he could get the insurance, etc. (People v. Butler, 62 App. Div. 508, 15 N. Y. Crim. Rep. 505.)

Testimony by two accomplices does not dispense with necessity for corroborative evidence. (People v. O'Farrell, 175 N. Y. 323.) Sufficiency of other evidence corroborating accomplice presentes a question of fact; absence of such evidence a question of law. (Id. See, also, People v. Willis, 13 N. Y. Crim. Rep. 259; People v. Deschessere, 16 N. Y. Crim. Rep. 338.)