PEOPLE v. ASTELL.

(Supreme Court, Appellate Division, First Department.  July 7, 1905.)

1. RAPE—EVIDENCE—REMARKS OF COURT—COMMENT ON EVIDENCE.

On a prosecution for rape on a female under 18 years of age a physician testified that an examination made by him revealed a penetration of prosecutrix, in his opinion, produced by a blunt instrument, and counsel for defendant examined the physician as to whether the indications found on prosecutrix's person might not have been the result of certain other causes, but the physician stated that he could only state the physical facts found, whereupon the court said that it was not necessary that the witness should go beyond that; that counsel might put in a hundred theories, and the doctor would admit them all; that the question was what did it; that it was for the jury to determine that question from the evidence; and that counsel had not established his theory; and at the termination of the colloquy between court and counsel, the court stated that the question was for the jury whether counsel, by merely asking questions, could prove anything when the answer was directly to the contrary.  *Held*, that such transactions did not amount to an expression by the court of an opinion on the merits of the case or the weight of the evidence.

2. TRIAL—REMARKS OF COURT.

Remarks by the trial court may be open to criticism, but they are not error unless they may have affected the result of the trial.

3. RAPE—INSTRUCTIONS—COMPLAINT BY PROSECUTRIX.

On a prosecution for rape the court refused to charge that, if the jury believed the prosecutrix failed to make prompt disclosure of the crime, it was a circumstance against her; and tended to disprove the truth of her charge, but charged that whether or not she made prompt disclosure was a matter for the consideration of the jury.  *Held* not error.

4. RAPE—EVIDENCE—SUBSEQUENT OFFENSES.

Where, on a prosecution for rape on a female under 18 years of age, evidence as to subsequent offenses committed by defendant upon the person of prosecutrix was first brought out by the defendant on prosecutrix's cross-examination, and no objection was made to such evidence at the trial, defendant could not complain of such evidence on appeal.

Appeal from Court of General Sessions, New York County.

Axel Astell was convicted of rape in the second degree, and he appeals.  Affirmed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN. PATTERSON, and INGRAHAM, JJ.

Hugh O. Pentecost, for appellant.

Howard S. Gans, for respondent.

HATCH, J.  The indictment charged the crime of rape in the second degree, committed upon the person of Elsie Behan, a female under the age of 18 years, on the 8th day of September, 1904.  The proof upon the part of the people tended to establish that the female, Elsie Behan, was of about the age of 12 years; that upon the date charged in the indictment the defendant induced her, in company with another girl of about the same age, to go on board the boat of which he was watchman from the Recreation Pier; that he took them into the cabin of the boat, locked the door, and had sexual intercourse with them.  The defendant denied the commission of the offense, and produced some testimony, which, in a greater or

less degree, tended to support his denial. It is not claimed, however, but that the evidence given upon the part of the people was sufficient, if believed by the jury, to establish the commission of the offense and justify the conviction of the defendant. This appeal presents legal errors only. The evidence adduced upon the part of the people sufficiently corroborated the testimony of the complaining witness as to the commission of the offense. She was corroborated by the testimony of the little girl who accompanied the complainant, and by other circumstances, and also by the testimony of the physician who examined the person of the complainant shortly after the offense was committed. People v. Panyko, 71 App. Div. 324, 75 N. Y. Supp. 945. The physician testified that the physical conditions which he found at the time of his examination indicated a slight penetration of the child's parts, which, in his opinion, was produced by a blunt instrument. It has long been the settled law that penetration, however slight, is sufficient to constitute the offense (Wharton's Criminal Law [9th Ed.] § 554; People v. Crowley, 102 N. Y. 234, 6 N. E. 384), and such rule is now embodied in section 280 of the Penal Code.

It is claimed by the appellant that "the court committed reversible error in expressing an opinion, in the presence of the jury, as to the weight of the testimony." Upon the trial counsel for the defendant examined the physician at considerable length as to whether the indications which he found present upon the person of the child at the time he made the examination might not have been the result of self-abuse, whether epileptics were prone to such practices, or whether it might not have been produced by a fall, or by the child's finger. Upon the latter question the physician testified that it could not, in his opinion, have been done voluntarily by the child, for the reason that it would occasion pain; that it was produced by a blunt instrument; that he could only state the physical facts. Thereupon the court said:

"And it is not necessary that he should go beyond it. You can put in a hundred theories, counselor, as to what might produce this condition, and I am confident the doctor would admit all of them. The Witness: Certainly, sir; that's just it. The Court: The question here is, what did it? and that is for the jury to determine from the evidence. Mr. Atkin: And that is just what I claim, your honor, that the self-abuse theory and the epileptic theory were joined, and coincide exactly with the facts. The Court: But thus far you have not established either. Mr. Atkin: And I take an exception to your honor's statement. The Court: I make no ruling at all. I simply make a suggestion. You are not obliged to follow it unless you choose to do so. You may go on with this kind of examination indefinitely, if you choose to do so. That is your own affair. So that no exception will stand here. Mr. Atkin: I ask that an exception be noted, your honor. The Court: I shall not note an exception, because you may go on in this line indefinitely, if you please, and if you do not choose to go on you cannot have an exception. Mr. Atkin: But your honor said that I had proved neither theory, and that is the province of the jury. The Court: Yes, it is for the jury to determine, when this case is submitted to them, whether, by merely asking questions, you think that anything is proved, when the answer is directly to the contrary. That is another question."

It is evident that this colloquy raised no question whatever. The court expressed no opinion upon the merits of the case. The most

that can be said is that the court stated that all the various theories propounded by the defendant to the physician would result in similar answers, but that, before it could have any bearing upon the question at issue, proof must be given in some form that the child was either afflicted with or addicted to the disease or habit to which the questions were directed. There was no claim that the defendant could prove by the physician the existence of one condition or the other, or that his examination disclosed either. Had the defendant stated that he purposed to base his defense upon any of the theories to which he called attention, the ruling might have been different. No attempt, however, was made to show the existence of such conditions either upon the cross-examination or in the evidence introduced by the defendant constituting his defense. Consequently, in no view of the case, was the evidence sought to be adduced material, nor did it constitute upon the part of the court the expression of an opinion with respect to the merits of any issue which was before the court at that time or which subsequently appeared. Remarks by a court may be open to criticism, but, unless they may have affected the result of the trial, do not constitute error. The authorities relied upon by counsel for the appellant support this rule. 21 Enc. of Pl. & Prac. 997, 998. In addition, the court placed no limitation upon the right of the defendant to continue the examination which was interrupted.

It is further claimed that the court erred in refusing to charge the jury that, "if they believed that the prosecuting witness failed to make prompt disclosure of the crime, it is a circumstance against her, and tends to disprove the truth of her charge." The court, while refusing to charge this proposition, did charge "that whether she did or did not make prompt disclosure to her parents is a matter for the jury to consider." The charge as made was correct, and therefore no error was committed in this respect. It is doubtless a correct rule of law that considerable delay in making complaint of an outrage upon the person of the complainant, constituting the crime of rape, is a circumstance which may be considered as bearing upon the guilt or innocence of the accused. Yet, as was said by Church, C. J., in Higgins v. People (58 N. Y. 377):

"There can be no iron rule on the subject. The law expects and requires that it should be prompt, but there is and can be no particular time specified. The rule is founded upon the laws of human nature, which induce a female thus outraged to complain at the first opportunity. Such is the natural impulse of an honest female."

The rule, however, is to be considered in connection with opportunity, fear, or other circumstances, which the court or jury can see have operated to prevent an immediate disclosure.

In People v. Adams, 72 App. Div. 166, 76 N. Y. Supp. 361, this court held, in the case of a female of about the age of 16, that fear of punishment at home if she made disclosure was a material circumstance to be considered in answer to the contention that she had made none. Regard is also to be had to the age of the female. In the present case it appears from the testimony of the complainant, when interrogated about the matter, that she was

afraid, if she disclosed the matter to her mother, that the latter would punish her. The same thing was testified to by the little girl who was with her. The reason for the rule which permits testimony of this character to be given by the complainant that she made immediate disclosure is founded upon the view that it is an impulse of human nature, and this reason applies with considerable force to an adult female, or to one who has reached an age sufficient to appreciate the enormity of the outrage. In a child of tender years, not sufficiently mature to appreciate the consequences of the act, it may only operate upon the mind as a wrongful indiscretion calling for punishment at the hands of a parent if disclosed. Under such conditions the reason for the rule almost entirely fails, and the omission to disclose becomes a circumstance of very little weight. But, to whatever weight it be entitled in this case, the subject-matter was left to the jury.

It is further claimed that the court erred in admitting testimony of subsequent offenses to the one charged in the indictment committed by the defendant upon the person of the complainant. It is sufficient in answer to say that no such proof was adduced by the people as a part of their affirmative case. It was first brought out by the defendant upon his cross-examination of the complaining witness, and, so far as such question is made to appear in this case, the defendant is responsible therefor. No such point was taken upon the trial, either by objection or otherwise; so that the question is not before us. We are not now prepared to say that it would be error were the question properly in the case and raised by exception. The case of People v. Flaherty, 162 N. Y. 532, 57 N. E. 73, did not involve the question. That case presented the right of the people to prove seven different offenses without any notification to the defendant of the particular offense of the seven which he was called upon to answer, and the court held that the people could not make proof of a criminal offense in such manner; that the defendant was entitled to know the particular offense, and approximately the time when it was committed, which he was called upon to answer; and that, where proof of seven was given, and no election made until the people's case had been presented, error was committed. This is quite different from showing continuous offenses against the same person, where the indictment charges a particular offense upon a particular day, and proof is made of such charge. Upon this question we are not now required to express an opinion.

There are no other questions which need consideration.

It therefore follows that the judgment should be affirmed. All concur.