## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### May 14, 1920.

## THE PEOPLE v. JAMES E. McPORLAND.

(191 App. Div. 795.)

GRAND LARCENY—EVIDENCE—TESTIMONY OF ACCOMPLICE—SUFFICIENCY OF CORROBORATION.

On the trial of an indictment for grand larceny evidence given to corroborate an accomplice need not be sufficient in itself· to prove the defendant's guilt in order to satisfy the requirement of section 399 of the Code of Criminal Procedure, nor need the corroboration extend to all the elements of the crime.

But there must be other evidence tending to connect the defendant with the "commission" of the crime; the other evidence must implicate the defendant in the guilty act.

On all the evidence, *held*, that the testimony offered as corroborating the accomplice did not tend to show that the defendant was connected with the commission of the crime, as each act testified to was entirely consistent with innocence, and did not, even in connection with the testimony of the accomplice, indicate guilt.

See note, Vol. 28, p. 180.

APPEAL by the defendant, James E. McPorland, from a judgment of the County Court of Queens county, rendered on the 17th day of June, 1918, convicting him of the crime of grand larceny in the second degree.

*K. Henry Rosenberg,* for the appellant.

*William F. Ryan (Denis O'Leary, District Attorney,* and *Harry Van Alst* with him on the brief), for the respondent.

BLACKMAR, J.:

This appeal presents the question whether an accomplice was corroborated by evidence which tended to connect the defend-

ant with the commission of the crime. (Code Crim. Proc., § 399.)

The defendant maintained a garage on Greenwood avenue, Richmond Hill, where he conducted an express business. Cleary, a liquor dealer, for lack of room in his own place, left with defendant on storage two barrels of whiskey. The testimony upon which the defendant was convicted was mainly given by Kender, who was employed by defendant occasionally as a helper. Kender testified that on the 15th of December defendant told him he was short of money and arranged with him to take two barrels of whiskey from the garage and sell them to a saloonkeeper named Max Gordon, whose place of business was on Jamaica avenue; that defendant scraped the serial numbers off the barrels and painted the heads white; that defendant broke the lock of the door of the garage in order to give it the appearance of having been burglarized; that after looking in vain for a wagon to take the whiskey over to Gordon's place, Kender, at defendant's direction, loaded the whiskey at night on an automobile truck owned by defendant, took the whiskey to Gordon's saloon and received from Gordon the sum of $140, leaving the truck in the street; that defendant came to his home in the morning, received the $140 and gave him $30 for his services. Shortly after the theft Kender left for Philadelphia, where he found employment, but soon returned to Brooklyn on foot and gave information of the connection of defendant with the commission of the crime.

The following evidence is relied on by the district attorney to corroborate the accomplice: 1. The testimony of Kender's wife that early in the morning of December 16th the defendant came to her house, told her that the automobile had been stolen, went with Kender into the kitchen, stayed there about ten minutes, and left, and that after he left Kender gave her $25. 2. The testimony of the chauffeur, Scheffler, that Kender, in the defendant's presence, told him to back in the truck, and it was backed in alongside the two barrels of whiskey. 3. The

testimony of Peters, who found the truck near a police station, where Kender says he was directed by the defendant to leave it. 4. The testimony of Cleary, who deposed that the defendant suggested to him that the tax should not be paid upon the whiskey.

The statute does not require that the corroborative evidence should be sufficient to prove the defendant's guilt.    At common law the accused could be convicted on the evidence of the accomplice alone.    The motive to shift the guilt from the accomplice's own shoulders was so apparent that courts were accustomed to warn jurors against a too ready acceptance of the evidence of the accomplice unless corroborated; and the principle was enacted into statutory law and is now found in section 399 of the Code of Criminal Procedure.    There need not be independent evidence sufficient to convict, nor need the corroboration extend to all the elements of the crime, as is required for the testimony of certain classes of witnesses in prosecution for other crimes.    (Penal Law, § 2013; Code Crim. Proc., § 392; People v. Page, 162 N. Y. 272, 14 N. Y. Crim. 513.) There must be other evidence tending to connect the defendant with the commission of the crime.    The word " commission " is the important word.    The other evidence must implicate the defendant in the guilty act.    While such other evidence need not be wholly inconsistent with the theory of the defendant's innocence (People v. Elliott, 106 N. Y. 292, 7 N. Y. Crim. 126), yet in the words of Judge Andrews in People v. Hooghkerk (96 id. 149), " corroborative evidence to have any value must be evidence from an independent source of some material fact tending to show not only that the crime has been committed, but that the defendant was implicated in it." (People v. O'Farrell, 175 N. Y. 323, 17 N. Y. Crim. 409.)    Bearing in mind the reason for the rule, that Kender for self-protection would have a strong motive to throw his burden on another's shoulders, and that the fact that the defendant owned the garage where the whiskey was stored made him the most con-

venient scapegoat, we find nothing tending to show that the defendant was implicated in the crime. After the burglary was discovered by defendant it was natural that he should seek his employee; the fact that Kender had money in his possession after defendant's visit is no indication that defendant shared in the plunder; his statement to his wife that defendant gave it to him is not " other " evidence, for it comes from the accomplice himself; that the truck was backed into the garage was not unusual when it was empty; the testimony of Cleary that defendant advised that the tax be not paid is of no force in face of the further testimony that he told the defendant he intended to pay it. These facts might have existed if defendant was guilty, but they do not tend to connect or implicate him in the commission of the crime. Each act is entirely consistent with innocence, and does not, even when taken in connection with Kender's testimony, indicate guilt.

The judgment of conviction should be reversed and a new trial ordered.

JENKS, P. J., MILLS, PUTNAM and KELLY, JJ., concur.

Judgment of conviction of the County Court of Queens county reversed and a new trial ordered.