THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PETER GUARDINO, Defendant.*

County Court, Kings County, November 6, 1941.

* See, also, 286 N. Y. 132.

William O'Dwyer, District Attorney [Miles McDonald of counsel], for the plaintiff.

Maurice Edelbaum, for the defendant.

BRANCATO, J.   The defendant was convicted by the verdict of the jury for compulsory prostitution in violation of subdivisions 3 and 8 of section 2460 of the Penal Law.   He makes this motion to set aside the conviction and for a new trial upon the grounds, *first*, that since, by subdivision 9 of said section 2460, " No conviction shall be had under this section upon the testimony of the female unless supported by other evidence," the testimony of the complainant, a prostitute, could not be supported by that of another prostitute, also named in the indictment as having been induced, enticed and procured for immoral purposes; and, *second*, that the said complainant-prostitute is an accomplice, and under section 399 of the Code of Criminal Procedure her testimony could not have been corroborated by the prosecution's witness Luigi Magnione, concededly an accomplice of the defendant.

Both of these contentions are without merit.   The unsupported testimony of the female referred to in this statute is insufficient to justify a conviction only when the said female is herself the prosecutrix, and her testimony constitutes the basis of the accusation against the defendant.   " Under a statute requiring corroboration, it was held that the woman's testimony could be corroborated by that of another prostitute who claimed to have been subjected to the same exactions."   (50 C. J. 818.)

Sections 71 and 2013 of the Penal Law contain the same language as subdivision 9 of section 2460, above quoted.   By the provisions of these two sections of the Penal Law the testimony of a female who has been abducted, or of a female upon whom has been perpetrated the crime of rape, must be supported by " other evidence " before the abductor or rapist can be legally convicted of the appropriate crime.   But such " other evidence " may be attested by another female abducted or raped by the same defendant and at the same time.   " The statute does not declare what the character

of the corroborative evidence must be. All that is required in this case is that the testimony of Julia Proft should be corroborated. *The witness Dobransky, although abducted at the same time, was not rendered incompetent as a witness.* The effect of her testimony and her credibility were matters for the jury." (*People* v. *Panyko*, 71 App. Div. 324; affd., 171 N. Y. 669.) (Italics supplied.)

This same rule was adopted by the same court in *People* v. *Estell* (106 App. Div. 516), a rape case, and followed by the Appellate Division of this department in the case of *People* v. *Hop Sing* (216 App. Div. 404), also a rape case, wherein it was said: " The complainant was thirteen years old when the defendant in a laundry kept by him committed the crime of rape in the second degree by an act of sexual intercourse with her. With the complainant at the time was another girl twelve and one-half years old, and with whom the defendant also had sexual intercourse on that occasion. The appellant claims that the testimony of the twelve and a half year old girl constituted the admission of evidence of another and distinct crime and was, therefore, incompetent. The testimony of the younger girl supported the testimony of the complainant that the defendant perpetrated the act to which the complainant testified. It met the exaction of section 2013 of the Penal Law, which provides that ' No conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence.' "

In the case of *State* v. *Columbus* (74 Wash. 290; 133 P. 455) the principle herein involved was presented to the court for determination upon a state of facts identical with those in the case at bar. Said the court: " It is next contended that the testimony of the prosecuting witness that the appellant had accepted any of her earnings was uncorroborated. The witness Myrtle Delaney corroborated the prosecuting witness in nearly every particular. The appellant contends that, because the Delaney woman was also an admitted prostitute, her testimony was not admissible. ∗ ∗ ∗ Nor does the fact that the Delaney woman also claimed to have been subjected to the same exactions as the prosecuting witness during her stay in the appellant's place render her testimony inadmissible in corroboration."

I conclude, therefore, that the second prostitute was a competent witness to support the testimony of the first prostitute, in compliance with the provisions of subdivision 9 of section 2460 of the Penal Law above quoted.

With respect to the other contention of the defendant that the complainant-prostitute was an accomplice of the defendant, there is no disputing that the testimony of an accomplice, however

credible it might be, is insufficient to convict a defendant unless corroborated by " other evidence " tending to connect said defendant with the commission of the crime charged. (Code Crim. Proc. § 399.) Such " other evidence " must come from independent sources, *i. e.*, it must come from agencies other than and independent of the accomplice. One accomplice, therefore, cannot corroborate another accomplice and the testimony of both is of no greater value than the testimony of either, unless it is corroborated by other independent evidence tending to connect the defendant with the commission of the crime charged in the indictment. (*People* v. *Farrell*, 175 N. Y. 323, 327; *People* v. *Kress*, 284 id. 452; *People* v. *Goldstein*, 285 id. 376; *People* v. *Feolo*, 284 id. 381, 388.)

The accomplices contemplated by section 399 of the Code of Criminal Procedure are those individuals concerned in the commission of the crime as " *particeps criminis* " for which they can be indicted with the accused as principals. (*People* v. *Warder*, 231 App. Div. 215; *People* v. *Sweeney*, 213 N. Y. 37; *People* v. *Cohen*, 223 id. 406, 425; *People* v. *Clougher*, 246 id. 106; *People* v. *Richardson*, 222 id. 103, 114.)

Regardless of her depravity and moral guilt because of her participation in the moral offense imputed to a defendant, a female cannot be indicted for inducing or enticing herself into a life of prostitution, nor can she be considered her own procurer, within the scope of section 2460 of the Penal Law. This section of the Penal Law stamps as criminal, not the immoral conduct of the female as a prostitute, which is otherwise banned by different provisions of law, but condemns rather the act of inducement, enticement or procurement by any other individual purporting to lead said female into a life of commercialized vice. The purpose of the statute is to protect women from compulsory prostitution (*People* v. *Draper*, 169 App. Div. 479; *People* v. *Odierno*, 166 Misc. 108), not to make them partners in guilt with their procurers. " The Legislature intended to grapple with this evil by punishing men, or those higher up, and not stop with ineffective fining and imprisoning of the unfortunate inmates." (*People* v. *Fegelli*, 163 App. Div. 576.)

There is a striking analogy between the female contemplated within the provisions of section 2460 of the Penal Law under consideration and the abortee mentioned in section 80 of the Penal Law. The latter has definitely been held not to be an accomplice of her abortionist. (*People* v. *Vedder*, 98 N. Y. 630; *People* v. *Blank*, 283 id. 526; *People* v. *McGonegal*, 136 id. 62, 76; *Dunn* v. *People*, 29 id. 523.) Each is a willing victim of the moral offense attributed to the procurer or the abortionist, and both are amenable

to the penalty prescribed by the Penal Law for their respective illegal acts outside the scope of sections 80 and 2460 of the Penal Law. The conclusion seems impelling that the status of the prostitute in relation to her procurer is not different from that of the abortee to her abortionist. The application of this rule has been upheld by courts of other jurisdictions when construing a statute similar to our section 2460 of the Penal Law. (*People v. Simpson*, 79 Cal. App. 555; 250 P. 403; *Cole v. State*, 156 Ark. 9; 245 S. W. 303.) Said the court in the *Simpson* case: " Under the amendment to section 1111 of the Penal Code (Stats. 1915, p. 760), the rule requiring corroboration of the testimony of an accomplice as specified therein is limited to cases where there is evidence which, if true, classifies the witness as one liable to prosecution for the identical offense charged against the defendant on trial. (*People v. Brown*, 61 Cal. App. 748; 216 Pacific, 58.) It is here manifest that the witness Ruby Young could not be prosecuted for the crime of pimping."

For the foregoing reasons, I find no justification for defendant's claim to a new trial. Motion denied. Submit order.