THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN McCUTCHEON, Appellant.— Appeal from a judgment of the County Court, Westchester County, rendered January 16, 1968, convicting defendant of burglary in the third degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact below are affirmed. At defendant's trial the People proved that an apartment had been burgled and that from it had been taken a television set, a radio and a sum of money. Through one Neilson the People attempted to prove that defendant was one of the burglars. Neilson testified, in substance, that defendant and one Carroll had asked Neilson to help Carroll move his belongings and, with that innocent purpose in mind, as well as the prospect of receiving a few dollars, Neilson drove them at their direction to an address given by Carroll. There, defendant and Carroll entered a building, leaving Neilson in the car. Defendant returned with a radio. At defendant's request, Neilson, wearing a light tan trench coat, carried a television set to his car from a point in front of the hallway door of an apartment. On defendant's and Carroll's claim that they lacked identification papers, and Carroll's statement that he needed money to pay his rent, Neilson pawned the radio and television set for $40, giving his true name and address and thereafter accepting from Carroll $13. Two witnesses, White and Cowan, in sum testified that, at the time and place of the burglary, they saw a car and three men in front of the address of the burglarized apartment. One of the men, wearing a light tan trench coat and carrying a television set to the car, hid his face from their view. The license number of the car, noted by White, was traced to Neilson's mother. Both White and Cowan, however, were unable to identify any of the men. In our opinion, it was reversible error for the trial court to have left it to the jury to say whether Neilson's testimony had been corroborated by that of White and Cowan. Nothing in the testimony of White and Cowan constitutes evidence of a material fact tending to show that defendant was implicated in the crime (*People* v. *Kress*,

284 N. Y. 452). At best, their testimony tends to show that the crime was committed in the manner described by Neilson. Hence, their evidence tended only to support the credibility of Neilson, was therefore insufficient as a matter of law for the purpose of corroboration, and should not have been submitted to the jury (*People* v. *Fiore,* 12 N Y 2d 188; *People* v. *Maione,* 284 N. Y. 423; *People* v. *O'Farrell,* 175 N. Y. 323; see *People* v. *Kress, supra,* p. 465). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.