## Commonwealth v. Rivas

*Stuart T. Shmookler, Assistant District Attorney,* and *George J. Joseph, District Attorney,* for Commonwealth.

*William C. Wickkiser,* for defendant.

WIEAND, *J.,* October 5, 1976 — The district attorney of Lehigh County has filed a two-count information against Leduvina Rivas, charging her with violating subsections (a) (2) and (b) (4) of section 5902 of the Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §5902. In the first count, defendant is accused of loitering "in or within view of a public place for the purpose of being hired to engage in sexual activity" on December 4, 1975. In the second count, it is alleged that on the same date she did "knowingly solicit a person to wit: JOHN BARNHART, to patronize a prostitute namely, herself." Defendant has filed a motion to quash the second count of the indictment on the grounds that the act alleged therein does not constitute a violation of section 5902(b) (4).

Initially, it is to be observed that this court has the power to quash a defective count in an information without quashing the entire information. See: Commonwealth v. Gouger, 21 Pa. Superior Ct. 217 (1902). See also: Pa. R. Crim. P. 228(d).

It is section 5902(a) of the Crimes Code which makes prostitution a misdemeanor of the third degree. Section 5902(b), on the other hand, refers to the crime of promoting prostitution and provides, in part, as follows:

"(b) Promoting prostitution. — A person who knowingly promotes prostitution of another commits a misdemeanor or felony as provided in subsection (c) of this section. The following acts shall,

without limitation of the foregoing, constitute promoting prostitution:

"...

"(4) soliciting a person to patronize a prostitute ..."

At issue is whether this subsection was intended to proscribe the activities of a panderer or those of the prostitute herself. Is this provision violated by a prostitute who solicits a patron not for another but for herself?

Defendant argues that because the provision is penal in nature it must be strictly construed: Statutory Construction Act of December 6, 1972, P.L. 1339, sec. 3, 1 C.P.S.A. §1928. The Commonwealth suggests, however, that it must be construed, as set forth in section 105 of the Crimes Code, 18 C.P.S.A. §105, "to further the general purposes" of the Code "and the special purposes of the particular provision involved." We are of the opinion that, in either event, section 5902(b) (4) refers to solicitation by a person other than the prostitute herself.

The legislative plan is not difficult to discern. In subsection (a) acts of prostitution are made criminal. The particular purpose of subsection (b), however, is to make it criminal to promote the prostitution of another. This is confirmed by the nature of the offenses specifically enumerated therein. These include the keeping of houses of prostitution and the procuring of inmates therefor, the inducing of persons to become prostitutes, the procuring of prostitutes for patrons. and the transporting of persons to promote prostitution. Thus, when subsection (4) is construed agreeably with the particular purposes of this subsection, it seems clear that

"soliciting a person to patronize a prostitute" is intended to prohibit the acts of the panderer and not the prostitute herself. The activities of the prostitute are prohibited by section 5902(a).

To interpret subsection (b) in the manner advocated by the Commonwealth would also violate the general purposes of the Crimes Code, one of which is to differentiate on reasonable grounds between serious and minor offences. [1] Engaging in the business of prostitution has been made a misdemeanor of the third degree by subsection (a). A violation of subsection (b) (4), however, has been made a misdemeanor of the second degree. This difference in classification is reasonable only if the legislature intended to distinguish between acts of prostitution and acts of pandering. There appears to be no reasonable basis for making solicitation by a prostitute a more serious offense than actually engaging in sexual activity for hire.

We conclude, therefore, that section 5902(b) (4) is not violated unless the person doing the soliciting is someone other than the prostitute herself.

This construction receives precedential support from the decision in People v. Guardino, 177 Misc. 402, 30 N.Y. Supp. 2d 729 (1941), where a similar statutory ambiguity was interpreted as we have construed the instant language.

Because the conduct attributed to Leduvina Rivas, if proved, would constitute a violation of subsection (a) and not of subsection (b), the second count of the indictment must be quashed.

For like reasons, we are unable to sustain the second count of this information under the general catch-all provisions of subsection (b) (8) of section 5902.

---

1. See Section 104(5), 18 C.P.S.A. §104(5).

## ORDER

Now, October 5, 1976, it is ordered that defendant's motion be and the same is hereby granted, and the second count in the above captioned criminal information is quashed.