## PEOPLE v. O'BRIEN.

(Supreme Court, Appellate Division, Second Department. March 11, 1908.)

1. CRIMINAL LAW—ACCOMPLICES.

Witness testified that defendant suggested they set on fire the gas meter, that defendant then opened the meter, that witness thereupon went to the head of the stairs to see if any one was coming, and that, no one appearing, he shouted to defendant to go ahead, whereupon defendant set the fire, and that he knew defendant was going to set it, and was watching to see that no one came along to interfere. *Held*, that witness was an accomplice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 81–86.]

2. ARSON—EVIDENCE—SUFFICIENCY.

Where defendant was convicted of setting a fire on the sole testimony of an accomplice and of one who, even if not an accomplice, was only eight years old, and they testified that when defendant lit the fire they stood at the top of a stairway watching him light it, a new trial should be granted on the uncontradicted affidavits of two apparently reputable business men that the gas meter said to have been set on fire could not be seen from the top of the stairway.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Arson, §§ 71–73.]

Appeal from Children's Court, Borough of Brooklyn, Second Division.

Daniel O'Brien was convicted of arson in the second degree. From the judgment of conviction, and from an order denying a motion for new trial, he appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

William O. Miles, for appellant.
Peter P. Smith, for the People.

HOOKER, J. The defendant pleaded not guilty, was tried, and convicted in the Children's Court in the borough of Brooklyn. The trial was had on the 19th day of June, 1905, and on the 29th day of June, 1905, an order was made and filed in the said Children's Court, by the justice before whom the case was tried, denying a motion for a new trial, which motion was based upon the stenographer's minutes and exceptions taken upon the trial, and the affidavits of Nicolas D. Collins and Michael Bradley. The notice of appeal states that the defendant also appeals from this order denying his motion for a new trial and from the whole and every part of the judgment and order.

The defendant and the two boy witnesses who appeared against him were school children attending Public School No. 15 in the borough of Brooklyn. The boy McGuire testifies that he, with the boy Trinneer and the defendant, were in the basement of the school building, when the defendant suggested that they set on fire the gas meter. He testifies that the defendant opened the meter, and then he and Trinneer ran to the top of the stairs to the main floor of the building and looked to see if anybody was coming. No one appearing, the witness shouted to the defendant to go ahead.

This witness states that before he shouted, "Go ahead, no one is looking," the fire had not been. lit, and he was at the top of the stairs. He also says that he knew defendant was going to set the fire, and he was watching to see that nobody came along to interfere. The evidence of the witness Trinneer does not develop that he took any part in the transaction, except to keep company with the witness McGuire in running to the top of the stairs and watching to see whether anybody was coming. He makes it very plain by his evidence, however, that when the fire was started he and McGuire were standing at the top of the stairs watching the defendant set the meter on fire.

It is entirely clear to me that the witness McGuire was an accomplice. Trinneer was a young lad only eight years old, and it can hardly be presumed he understood the enormity of the offense. That Trinneer was an accomplice may be doubtful. The learned district attorney claims in his brief that Trinneer was not an accomplice, and cites section 19 of the Penal Code, which provides that a child of the age of 7 years, and under the age of 12 years, is presumed to be incapable of crime. The question presented by the district attorney, however, it is not necessary to determine in the view we take of this case. The evidence of both of these boys is so full of contradictions and inaccuracies that it is hardly to be supposed it would convince a reasonable mind of the guilt of the defendant, who stoutly denied he was guilty of the crime. These two boys are the only witnesses of the offense, and, of course, if they were accomplices, the judgment cannot stand; for there appears in the record no corroboration of their testimony.

It is to be remembered that both of the boys were perfectly positive that when the defendant lit the gas at the meter they stood at the top of the stairway. The motion for a new trial was based upon the affidavits of two men, apparently reputable business men of the borough, who testified that subsequent to the trial they went to the school building for the purpose of ascertaining whether it was possible to see the gas meter from the top of the stairs. They found the situation to be that there were two stairways leading from the cellar. They stationed themselves at the top of each, with the result that they observed that it was wholly impossible to see the gas meter from the top of either, unless there were mirrors in the cellar, or unless the boys could have seen around the corner. There is no claim that there was anything like mirrors in the cellar. There was no evidence on the trial, except that of McGuire and Trinneer, or in opposition to the motion, contradicting those affidavits. They are such as to convince the mind that what these men saw of the physical condition is the truth. If so, both boys were either mistaken or prevaricating in relation to seeing the defendant light the flame.

Inasmuch as this was the vital point upon the trial of the case, I think the motion for a new trial should have been granted by the justice who presided in the Children's Court; and I therefore advise that the judgment be reversed, and a new trial ordered. All concur.