SUPREME COURT—APP. DIV.—THIRD DEPT.
Dec. 30, 1909.

THE PEOPLE v. HENRY H. FISHER.

(136 App. Div. 57.)

(1). TRIAL—ARSON—CREDIBILITY OF WITNESSES.

On the trial of an indictment for arson, it is not error for the court to refuse to charge that if certain witnesses who had sworn on behalf of the People, or any one of them, have knowingly testified falsely to any material fact, the jury may disregard their entire testimony, where the proposition involved in the request to charge had been substantially charged in response to the defendant's previous request.

(2). SAME—BIAS OF JUDGE—CHARGE.

It is not legal error for a trial judge to indicate his opinion. It is only where there is evidence of marked bias, and where, in the opinion of the appellate court, the balance of proof is only slightly in favor of the prosecution, and the interests of justice seem to require another trial, that the court will reverse a conviction for such a cause.

(3). SAME.

Charge in regard to the force which might be given to evidence as to the good character of the defendant examined, and *held*, that the jury was properly instructed.

APPEAL by the defendant, Henry H. Fisher, from a judgment of the County Court of Ulster county, rendered on the 21st day of November, 1908, convicting the defendant of the crime of arson in the second degree, and also from an order entered in the office of the clerk of said county on the 21st day of December, 1908, denying the defendant's motion for a new trial.

*N. Frank O'Reilly* (*Roscoe Irwin* of counsel), for the appellant.

*William D. Cunningham, District Attorney,* for the respondent.

SMITH, P. J.:

The defendant was indicted by the grand jury of Ulster county for the crime of arson in the second degree, in that on the 17th day of March, 1908, he set fire and burned his dwelling house in the city of Kingston with intent to destroy the same, in which dwelling house at the time there was no human being. In that month the defendant kept a saloon at the corner of Chambers and Union streets, in the city of Kingston, and his family lived upstairs above the saloon. Upon the night in question one Sessler, together with one Jacob Banholzer, at the direction of the defendant, set fire to the building. Both of these parties were witnesses for the People upon the trial, and their testimony was fully corroborated. It is not necessary here to set out in detail the evidence upon which the conviction rests. It is sufficient to say that the guilt of the defendant was abundantly established and beyond a reasonable doubt, and no question is made by the appellant upon this argument as to the sufficiency of the proof. The judgment is challenged solely upon the ground of certain rulings of the learned trial judge upon the trial.

At the close of the trial the court was requested to charge if certain witnesses who had sworn in behalf of the People, " or any one of them, have knowingly testified falsely to any material fact, that the jury may disregard their entire testimony." This the court declined to charge as requested and to its refusal an exception was taken. This would undoubtedly have been error except for the charge made upon the defendant's request just preceding. In the preceding request the court was asked to charge " that if any witness on the part of the People has knowingly or wilfully testified falsely to any material fact, that the jury may disregard the entire testimony of such witness." To this the court replied: " That applies not only to the People but to the defendant, or any other, but you are not obliged to disregard it." Then follows the request and refusal to charge

which is made the subject of challenge. It would seem, therefore, that the proposition to charge involved in the request had been substantially charged, and that the defendant has no ground of complaint on account of the refusal of the court to repeat the rule of law which had once been given to the jury. The next ground of challenge is as to the charge of the court in reference to the force of the evidence as to good character. After stating the claim of the defendant, that he stood well in the community, the law is thus stated: "And the law is, gentlemen, upon that subject that good character is to be considered by you the same as all other evidence; that good character alone may cause in your mind a reasonable doubt, but it doesn't have to; you weigh the fact of good character the same as any fact in the case with all the facts and then say where does the balance go and determine it that way. A man of good character may, or may not commit a crime. It is simply a species of circumstantial evidence. In the ordinary run a man of good character does not commit a crime. We start with that fact, good character, and then commence to weigh it with all the other facts in the case." Thereafter the defendant's counsel requested the court to charge: "That the character of the defendant may be such as to create a reasonable doubt in the minds of the jury as to the guilt of the accused, and lead them to believe in view of the improbabilities that a person of such character would be guilty of the crime charged that the other evidence in the case is false or the witnesses mistaken." To this the court replied: "That's a general statement of law; as I told you before, evidence of good character is a circumstance to be considered with all the other evidence in the case." The defendant's counsel then requested the court to charge: "That evidence of good character may in itself create a reasonable doubt, when without it none would exist as to the defendant's guilt, and that such evidence in the exercise of a sound discretion by the jury may be sufficient to acquit the defendant." To

this the court replied: " That is a proposition which is true.   I
have charged before, whatever weight you give to good charac-
ter is for you to say, considered with all the other facts."   To
this reply the defendant excepted.   The jury were rightly in-
structed as to what weight should be properly given to evidence
of good character.   The defendant points out other statements
in the charge which he claims contain an intimation that, in
the opinion of the court, in view of other facts proven in this
case, the evidence of good character was not conclusive, and
the judgment is further challenged upon the ground that the
charge of the court was biased as against the defendant, and
indicated a conviction in the mind of the trial judge of the
defendant's guilt.   It is not legal error, however, for a trial
judge to indicate his opinion, and in fact it is sometimes diffi-
cult not to do so in submitting a case fully to the jury.   In the
case at bar the questions of fact were left fully for the jury
to determine, and the court in its charge in no way directed or
advised the verdict that should be rendered.   It is only in those
cases where the evidence of bias is marked, and where in the
opinion of the appellate court the balance of proof was only
slight in favor of the prosecution, and where in the interest
of justice the defendant should be given another chance to prove
his innocence, that the court would reverse a conviction for such
a cause.   No such condition here exists.   The defendant further
complains that he was not allowed to ask the witness Sessler
who was the defendant's accomplice, whether he expected to be
prosecuted, but if the sustaining of an objection to that question
be error, the error is clearly cured in the testimony immediately
following, where he swears: " I don't know whether I expect
to be taken care of or not for testifying, or for what I have
testified to to-day.   I don't remember if I expected to on the
last trial.   I do not remember testifying on the last trial in
answer to the question: ' Q. (Read by Mr. O'Reilly from min-
utes of former trial.)   You expect to be taken care of for

what you have testified to? A. Yes.'" Again, error is claimed
in the refusal of the court to charge that a conviction could not
be had upon the evidence of two certain witnesses named alone.
This the court declined to charge except as charged in the orig-
inal charge. But the court so charged in fact in response to the
next request. In that original charge the court had told the
jury that they must consider all of the evidence in reaching
their conclusion. We have carefully examined the record as
to other objections made by the defendant, and other errors
claimed to have been committed by the trial judge during the
trial, and we find no questions raised which we deem necessary
to discuss, and no rulings which would furnish just cause for
a reversal of this judgment. The judgment and order should,
therefore, be affirmed.

All concurred.

Judgment of conviction and order affirmed.

---

## NOTE ON ARSON.

**GENERALLY.**

Provisions of Code declaring that "burning of building under circum-
stances which show beyond a reasonable doubt that there was no intention
to destroy, is not arson," *held,* only intended to qualify provisions concern-
ing arson in the third degree. People v. Fanshawe, 137 N. Y. 68, 8 N. Y.
Crim. 326.

Criminal act is kindling the fire with felonious intent to burn the houses
specified, and is consummated when the burning is effected, and the facts
that the houses did not burn at the same time, and that but one was set
afire, the fire communicating therefrom to the others, do not make the
burning of each a separate offense. Woodford v. People, 62 N. Y. 117.

A prisoner being indicted under statute, for firing a building erected for
manufacturing purposes, and it being proved that the whole framework
was not up at time of fire; that part raised was not entirely closed;
floors not laid, stairs not up and no part of building ready for occupancy or

substantially ready for the reception of machinery, it was held that the building was not one "erected" within meaning of statute and there could be no conviction.   McGary v. People, 45 N. Y. 153.

May be committed by a person burning his own dwelling house.   Shepherd v. People, 19 N. Y. 537.

Under statute defining arson as the wilful burning of a dwelling house containing a human being, specific intent to produce death held not to be essential, and it is even immaterial whether defendant knew that building was usually, or had been at any time, occupied by persons living therein. People v. Orcutt, 1 Park. Crim. 252.

Setting fire to a jail by a prisoner, merely for the purpose of effecting his escape, is not arson; nor is it wilful burning of an inhabited dwelling house, within meaning of the first section of the Act declaring the punishment of crimes, though the jail is to be deemed an inhabited dwelling house, within the Act.   People v. Cotteral, 18 Johns. 116.

Setting fire to a dwelling house, inhabited at the time, by which only a part of it is consumed, is arson.   People v. Butler, 16 Johns. 203.

On trial for attempt to commit arson, testimony showing that prisoner solicited one K. to set fire to barn, and gave him materials, held sufficient, though prisoner did not intend to be present, and K. did not intend to commit the crime.   People v. Bush, 4 Hill, 134.

**INDICTMENT.**
Ownership of burned premises may not be laid in one working farm on shares, whose only right was to deposit crops in burned building.   People v. Smith, 3 How. Pract. 226.

Where person indicted for burning dwelling house of another, if it be in fact the dwelling house of such person, the court will not inquire into the tenure or interest of the occupant.   People v. Van Blarcum, 2 Johns. 104.

Where building burned was alleged in indictment as building of owner, and proof was that at time of burning it was in possession of tenant, no conviction could be had.   People v. Gates, 15 Wend. 159.

In an indictment for attempting to commit arson, particular manner in which attempt is made need not be alleged.   People v. Bush, 4 Hill, 134.

Charging prisoner with setting fire to the dwelling houses of certain persons, naming them, and of divers other persons to the jurors unknown, "there being then and there within said dwellings some human being,"

sufficiently alleged the presence of a human being in each house. Woodford v. People, 3 Hun, 310.

Where arson in third degree is charged, it is not necessary to negative the provisions of the statute describing the elements of the crime, in the words "not adjoining to or within the curtilage of any inhabited dwelling house." People v. Pierce, 11 Hun, 633.

Where part of a house is occupied by a tenant, habitually lodging therein at night, and the residue by the owner, the building is well described in the indictment as the dwelling house of the tenant. Shepherd v. People, 19 N. Y. 537.

Charge in indictment that building burned belonged to Phoenix Mills Company and evidence that corporate name was Phoenix Mills of Seneca Falls held to be a fatal variance. McGary v. People, 45 N. Y. 153.

Charging that defendant set fire to or burned a dwelling house, the property of, or belonging to a person named, is sufficient allegation of ownership, as under statute possessor thereof is the owner. Woodford v. People, 62 N. Y. 117.

Indictment charged prisoner as accessory; that fire was set by principals in the night-time and burned the dwelling house of K., in which he then was. It appeared that building was a five-story tenement house, having a common entrance in front and rear. Front entrance opened into a hallway used in common, and apartments on various floors opened into a common hall. Prisoner, with his wife, occupied three rooms; K., with his family, occupied three adjoining rooms; no direct communication between rooms of K. and those of defendant; fire was set in defendant's rooms. *Held*, indictment well drawn, and that building was the dwelling house of K. within the meaning of the statute. Levy v. People, 80 N. Y. 327.

Not necessary, in charging arson in first degree, to charge or to prove on trial that defendant set the fire for the purpose of destroying the building. People v. Fanshawe, 137 N. Y. 68, 8 N. Y. Crim. 326.

One charged with burning his barn, with intention of prejudicing the insurer thereof, cannot be convicted on evidence showing that he burned his wife's barn. People v. Butler, 62 App. Div. 508.

**EVIDENCE.**

Acts and declarations of persons accused of arson, when admissible. People v. O'Neill, 49 Hun, 422.

12

Competent to show that person charged with burning his own dwelling had effected insurance for more than its value. Shepherd v. People, 19 N. Y. 537.

Competent to show that defendant charged with burning building had lived on bad terms with his wife, who was burned therein. Shepherd v. People, 19 N. Y. 537.

Proper to show that a few hours before commencement of fire, the setting of which is charged to defendant, a hay barn in same place was burned, and that he was seen in the vicinity of the barn shortly before and after it burned. Woodford v. People, 45 N. Y. 153.

It is competent, in order to describe scene of crime, to show location and occupancy of four buildings in same block as that burned, and map of building and surrounding premises also admissible for same purpose. People v. Cassidy, 133 N. Y. 612.

Evidence generally considered. People v. Fitzgerald, 156 N. Y. 253, 12. N. Y. Crim. 524.

On trial for arson alleged to have been the result of a conspiracy, evidence of dealings of servants who are so charged, before and after occurrence, held competent. People v. Fitzgerald, 156 N. Y. 253, 12 N. Y. Crim. 524.

The fact that defendant, four months beofre fire, advised removal of property from building, and advised neighbors to insure, does not indicate an intention to burn the building. People v. Doneburgh, 51 App. Div. 613.

Act of incorporation, with proof of user, sufficient to establish existence of corporation and testimony that party was acting as agent of company, effected insurance and delivered policy, is sufficient to authorize jury to find de facto existence of corporation. Carncross v. People, 1 N. Y. Crim. 518.

Jury cannot consider question of over-insurance of defendant's property where the only evidence thereof is that property was valued in proofs of loss at less than insured amount, and no evidence that such proofs referred to all the property insured. People v. Kelly, 11 App. Div. 495.

Evidence of the burning at almost the same time of another salt block belonging to the owner of the one for the burning of which prisoner was indicted, to show that these two fires were part of a scheme concocted and carried out by the defendant and his associates, is admissible. Wright v. People, 1 N. Y. Crim. 462.

In this case, after an exhaustive review of the facts, *held*, that erdict of conviction was against the weight of evidence. People v. Newton, 3 N. Y. Crim. 406.

Evidence held sufficient to require question of guilt or innocence to be submitted to jury. People v. Burton, 9 N. Y. Crim. 207.

Improper to refuse to allow unfriendliness of witness on trial for arson to be disclosed by cross-examination. People v. Milks, 16 N. Y. Crim. 387.

Evidence of previous declarations upon being dispossessed considered. People v. Wagner, 16 N. Y. Crim. 442.

Where only circumstances developed on trial are that defendant falsely stated before the sheriff's jury that she had never been known by another name; that she bought a certain property, paying a fair price for it; that she moved in a quantity of furniture and insured it; that she asserted that she discovered the fire in the kitchen, when in fact it was in the room adjoining; that she claimed to have given an immediate alarm, whereas there was proof that another gave it, and that after the fire was well under way something on fire dropped down the elevator shaft, which was not easily extinguished, there being packages of drugs in the house, does not furnish proof beyond a reasonable doubt that the fire was of incendiary origin. People v. Johnson, 16 N. Y. Crim. 361.

Evidence of accomplice must be corroborated. **People v. O'Brien, 125 App. Div. 254, 22 N. Y. Crim. 203.**