THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY JAMES GIBSON, Appellant.

Argued May 30, 1950; decided July 11, 1950.

*Edward Smallwood* for appellant. The testimony of the complaining witness required corroboration because (1) she was the woman allegedly defiled within the meaning of section 2013 of the Penal Law, and (2) she was an accomplice within the meaning of section 399 of the Code of Criminal Procedure. (*People* v. *Fitzgerald*, 244 N. Y. 307; *People* v. *De Angelis*, 262 App. Div. 970, 288 N. Y. 630; *People* v. *Lammes*, 208 App. Div. 533; *People* v. *Dickerson*, 58 App. Div. 202; *People* v. *Sweeney*, 213 N. Y. 37; *People* v. *Cohen*, 223 N. Y. 406; *People* v. *Swersky*,

216 N. Y. 471; *People* v. *Pollack*, 154 App. Div. 716, 209 N. Y. 541; *People* v. *Petrucci*, 271 App. Div. 936.)

*Thomas Croucher, District Attorney,* for respondent. Corroboration is not required for a conviction for incest. (*People* v. *De Angelis*, 262 App. Div. 970, 288 N. Y. 630; *People* v. *Jones*, 177 Misc. 922.)

CONWAY, J. Defendant has been found guilty on two counts of an indictment charging him with the crime of incest (Penal Law, § 1110) in that he engaged in sexual intercourse with his daughter, then fifteen years of age, in the county of Ontario, New York, on July 1 and July 15, 1947. The evidence against defendant consisted solely of the testimony of the daughter. We need not detail that testimony, for we are agreed that, despite certain self-contradictions therein, the jury could properly find that defendant had committed the crime of incest in this State on the dates noted — unless, as it is urged, the testimony of the daughter was required to be supported by other evidence.

At the close of the People's case, defendant specifically moved to dismiss these two counts of the indictment " upon the grounds that there has been no corroboration of the complaining witness' testimony, and that she being the accomplice, her testimony must necessarily be corroborated.'' The court properly ruled that there had been no corroboration, but it denied defendant's motion, saying: " * * * I hold that because of her age she is not an accomplice. She was under sixteen years of age at the time the crime was committed, under eighteen in any event, and I hold that she was not an accomplice, and no corroboration need be had * * *.''

At common law, in the case of sexual offenses, it was not necessary that the testimony of the injured female be corroborated (7 Wigmore on Evidence [3d ed.], § 2061). Such testimony was to be cautiously and carefully scrutinized, but if believed by the jury, it could alone support the conviction. The necessity of corroboration, if it exists at all, must thus be found in a specific statute. We have such statutes in the cases of abduction (Penal Law, § 71), adultery (§ 103), compulsory prostitution of wife (§ 1091), compulsory marriage (§ 1455), rape, (§ 2013), seduction (§ 2177) and compulsory

prostitution (§ 2460). Moreover, the unsworn testimony of a child under twelve years of age must be corroborated (Code Crim. Pro., § 392) and, of course, the testimony of an accomplice must be corroborated (Code Crim. Pro., § 399). There is, however, no such requirement in article 102 of the Penal Law, dealing with the crime of incest.

Section 399 of the Code provides: " A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime." It is argued that the daughter in the instant case was an accomplice, since section 1110 of the Penal Law provides that when persons within the specified degrees of consanguinity commit adultery or fornication with each other, " *each of them* is punishable " (emphasis supplied). We are unable to agree with that contention. We think it clear that a female, *under the age of legal consent,* cannot, as a matter of law, be held to be an accomplice, even if her participation in the incestuous relationship was wholly voluntary. Such a female could never be found guilty of the crime of incest because the law, for obvious reasons of public policy, declares that she is unable to consent to sexual intercourse, incestuous or otherwise (see Penal Law, § 2010). " This statute is based upon the theory that a girl under eighteen years of age is incapable of consenting to the act " (*Boyles* v. *Blankenhorn,* 168 App. Div. 388, 389, KELLOGG, J.). A person who has committed no crime in the eyes of the law cannot, of course, be characterized as an accomplice. (*People* v. *Blank,* 283 N. Y. 526, 528.)

We do not wish to be understood as holding that the underage female is not an accomplice because she could not, under our modern criminal procedure, be *indicted* for the crime. A minor who participates in a crime may be held to be an accomplice whose testimony must be corroborated, even though he could only be prosecuted as a delinquent minor or a youthful offender. (*People* v. *Fitzgerald,* 244 N. Y. 307; *People* v. *O'Brien,* 125 App. Div. 254.)

Defendant asserts that it is anomalous to hold that the testimony of a female over the age of legal consent who participated in an incestuous relationship must be corroborated, while that of a female below the age of legal consent need not be corrobo-

rated, since the testimony of the latter, because of childish imagination and susceptibility to suggestion, may be even more suspect. This court has not yet had occasion to consider the question whether the testimony of an adult female participant in incestuous intercourse is required to be corroborated. But even if we should so hold when the question is presented to us, the resulting " anomaly " would be one created by the Legislature which has refrained from requiring corroboration *generally* in incest cases. In the absence of such a general requirement, the need for corroboration here can arise solely through the operation of section 399 of the Code. As we said in *People* v. *Blank (supra,* pp. 528–529), " * * * the statute requiring corroboration (Code Crim. Proc., § 399) effected no change in the law as to who was an accomplice. It was necessary before the passage of the statute to determine who was an accomplice, since the jury had to be instructed as to the weight to be given to that testimony. While, as was said in *People* v. *Mayhew* (150 N. Y. 346), the statute introduced a new rule of evidence, the law remained the same as to who was an accomplice." We would do violence to the accepted and long-established meaning of the word " accomplice " to designate as such a female below the age of legal consent in an incest case who, as a matter of law, could not acquiesce in the criminal act. If this results in an " anomaly ", it is one to be remedied by the Legislature, and not by the courts.

The judgment should be affirmed.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment affirmed.