THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHRISTOPHER KNORR, Appellant.— Defendant appeals from a judgment of the County Court, Kings County, convicting him of the crimes of sodomy in the second degree, carnal abuse of a child and endangering the health and morals of a child. Judgment reversed on the law and a new trial ordered. Findings of fact implicit in the verdict of the jury are affirmed. The trial court erred in charging the jury as a matter of law that no other evidence was required to corroborate the testimony of the complainant, a boy of nine years of age. It was for the jury to determine, on the evidence adduced, whether or not the complainant was a willing participant in the act complained of, and whether or not the legal presumption that he was incapable of crime (Penal Law, § 817) had been overcome. If the jury had found that he was a willing participant and that the statutory presumption had been rebutted, there could have been no conviction unless there was evidence corroborating his testimony. (*People* v.

*Petrucci*, 271 App. Div. 936.) *People* v. *Gibson* (301 N. Y. 244), in our opinion, is not to the contrary. That case involved a conviction of the crime of incest in which the complainant was under the legal age of consent. A female under the legal age of consent does not commit the crime of incest by voluntary participation in an act of adultery or fornication forbidden by section 1110 of the Penal Law, since the law considers her incapable of consenting to the act. (Penal Law, § 2010.) Under section 690 of the Penal Law, however, a person sixteen years of age, or over, and under eighteen, may be convicted of sodomy in the first degree, if the act complained of falls within the definition of that crime, or of a misdemeanor, if the act is one which falls within the definition of the crime of sodomy, and does not constitute sodomy in the first or in the second degrees. The fact that the complainant, because of his age, could have been convicted only of juvenile delinquency, would not have precluded a finding that he was an accomplice, within the meaning of section 399 of the Code of Criminal Procedure, if he was a voluntary participant in the act charged against appellant, and had sufficient capacity to understand it, and to know its wrongfulness. (*People* v. *Petrucci, supra; People* v. *Gibson, supra;* Penal Law, § 817.) Nolan, P. J., Carswell, Wenzel, MacCrate and Beldock, JJ., concur.