■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS WEINBERGER, Appellant.— Judgment of conviction and orders affirmed. Memorandum: In our opinion the trial court was correct in charging the jury that a conviction on counts two and three (violation of Penal Law, § 483-b) could be had upon the testimony, if believed, of the complainants. In other words, the court impliedly ruled that the accomplice rule did not apply to this misdemeanor. In People v. Pasquarello (282 App. Div. 405, 407), we quoted with approval the statement that "[t]he accomplices contemplated by section 399 of the Code of Criminal Procedure are those individuals concerned in the commission of the crime as ' particeps criminis ' for which they can be indicted with the accused as principals." We conclude that under this rule these complainants were not accomplices because they could not be prosecuted for the stated crime of carnal abuse of a child over the age of 10 years and less than 16 years of age. (Cf. People v. Gibson, 301 N. Y. 244; People v. Blank, 283 N. Y. 526.) It should be pointed out that it is not the age of these complainants that prevents the

application of the accomplice rule (cf. *People* v. *Gibson, supra,* p. 246) or the fact that this crime is a misdemeanor and not a felony but rather the fact that complainants could not be indicted for the crime or prosecuted as delinquent minors solely upon the operative facts necessary to constitute the crime here charged against the defendant in counts two and three. All concur, except Wheeler, J., who dissents and votes for reversal and dismissal of counts two and three of the indictment, in the following memorandum: Defendant was properly convicted under count one of the indictment. As to counts two and three (violation of Penal Law, § 483-b), I think there was reversible error in that the court permitted the jury to find a verdict of guilty upon the uncorroborated testimony of the complainants, regardless of whether they were found to be accomplices. (See *People* v. *Knorr,* 281 App. Div. 772, in which *People* v. *Gibson,* 301 N. Y. 244, was distinguished.) As far as I am aware, section 399 of the Code of Criminal Procedure makes no distinction between felonies and misdemeanors. (Appeal from a judgment of Monroe County Court, convicting defendant of the crimes of sodomy, second degree, and carnal abuse. The orders (1) denied defendant's motion for a new trial, and (2) denied defendant's motion to sever the indictment and for separate trial of the items of the indictment.) Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.