Nathan R. Sobel, J.
This case was tried without a jury. Defendant was charged in two separate counts with committing sodomy upon A, age 14, and B, age 16. He was also charged in a third count with a violation of section 483 of the Penal Law, impairing the morals of the younger complainant A.
With respect to all three crimes charged, the evidence establishes that the complainants not only consented to but actually solicited the acts. The complainants clearly would be accomplices in fact if under the controlling statutes (Penal Law, § 690, Sodomy; Penal Law, § 483, Impairing) they can be accomplices as a matter of law. This is one of the issues before me. If they are accomplices as a matter of law, their testimony must be corroborated. (Code Grim. Pro., § 399.) Another issue presented is the sufficiency of the corroborating evidence.
A recent (1950) change in the sodomy statute requires consideration.
With respect to certain sex crimes (adultery, abduction, compulsory marriage, compulsory prostitution, rape and seduction) the Legislature has by statute required other supporting evidence. It will be noted that under such statutes, the sup *977 porting evidence is required whether or not the complainant consents, viz., statutory rape, etc.
But the Legislature has not required such other supporting evidence for the sex crimes of sodomy, incest, carnal abuse or impairing mqrals of certain children. With respect to these crimes it does make a difference whether the complainant is a “victim” or an “ accomplice ”, i.e., a consenting or willing participant. For section 399 of the Code of Criminal Procedure requires that the testimony of an accomplice be “ corroborated ”.
How do we determine whether the complainant is a victim or accomplice?
Some States, such as California (Penal Code, § 1111), have statutes which define an accomplice as one 1 ‘ who is liable to prosecution for the identical offense charged against the defendant on trial ”. We have no statutory definition of an accomplice. (Penal Law, § 2 defines as a principal one who aids, abets, etc.) But the courts have uniformly held that the accomplices contemplated by section 399 of the Code of Criminal Procedure are those individuals concerned in the commission of the crime as “ particeps criminis ” for which they can be indicted with the accused as principals. (People v. Pasquarello, 282 App. Div. 405, affd. 306 N. Y. 759 and eases cited therein.)
Despite the absence of statutory definition of accomplice, it should be observed that most often it is the Legislature which actually determines who is and who is not an accomplice.
It can do so by a specific declaration that certain participants in a crime are not accomplices. Thus, section 1308-a. of the Penal Law declares that the thief is not an accomplice to the receiver. It can do so by specific language of a penal statute. Thus by the specific wording of the abortion statute (Penal Law, § 80) the woman upon whose body the abortion is performed cannot be guilty of aiding and abetting, even if a willing participant. She may only be guilty of a violation of section 81 of the Penal Law. (People v. Blank, 283 N. Y. 526.) And, in the statutory rape section (Penal Law, § 2010), the Legislature has declared that a female under the age of 18 is incapable of consenting to an act of sexual intercourse. Such a female cannot be an accomplice to the crime of statutory rape. (By analogy, the Court of Appeals has held that a female under the age of 18 is incapable of consenting to the crime of incest. People v. Gibson, 301 N. Y. 244.) By statutory declaration, she is made a “ victim ” and not an “ accomplice ”.
I make the point, therefore, that with respect to the crimes charged in this case, to wit sodomy and impairing morals of a *978 minor, the Legislature has determined that these complainants A and B are victims and not accomplices.
1. The crime of sodomy.
Effective April 11,1950 (L. 1950, ch. 525) the crime of sodomy was divided into degrees. Theretofore the statute (Penal Law, § 690) had made no distinction between consenting and nonconsenting complainants. Upon the determination of that issue, depended whether or not the complainant was an accomplice, but the new statute followed the pattern of the rape statute. It declared that a person under 18 was incapable of giving consent. A person who perpetrates an act of sodomy upon such a consenting female is nevertheless guilty of sodomy second degree. If we follow the reasoning of the incest case, People v. Gibson (301 N. Y. 244, supra), such a person cannot be an accomplice.
It should be noted that People v. Rosenthal (289 N. Y. 482); People v. Knorr (281 App. Div. 772) and People v. Doyle (304 N. Y. 120) were all decided under the old statute. (The crimes were committed prior to April 11,1950.)
However there have been several decisions by our Appellate Divisions under the new statute, holding that consenting complainants under 18 are accomplices. The question created by the new statute was not raised. And since factually, this is not the kind of case which warrants creating new law, I shall, until the appellate courts decide otherwise, consider that the complainants in this case are accomplices.
That finding brings me to another issue of law. On the trial B testified to witnessing the acts committed upon the person of A and A to the acts upon B. Under section 399 of the Code of Criminal Procedure may the testimony of each be used to corroborate the other?
When there are two or more accomplices to the same crime, the testimony of one accomplice may not be used to corroborate another. (People v. O’Farrell, 175 N. Y. 323, 327 and cases cited.)
The issue here presented is whether the same rule applies when there are two separate crimes and the accomplice in each testifies in support of the other. That issue was considered in a sodomy case presenting substantially the same factual situation as did the instant case. That case (People v. Standish, 5 A D 2d 726) was decided on other grounds. But on the issue before me the court stated (p. 727) — “ We think it was permissible for one participant in an act of sodomy to corroborate the testimony of the participant in another act of sodomy. But if there was a unity in purpose and plan in both acts which concededly were *979 committed at the same time and place, all actors might be held by the jury to have been accomplices On the basis of that decision I hold that both A and B are accomplices of one another. Since there is insufficient corroboration, I find the defendant not guilty of the crimes of sodomy.
2. The crime of impairing morals.
This is a typical example of a statute so drafted by the Legislature as to make a complainant a victim and not an accomplice. By the wording of the statute the complainant cannot be in “ particeps criminis ” with a defendant who willfully “ causes or permits such child [under the age of 16] to be placed in such a situation that its * * * morals [are] likely to be impaired.” (Penal Law, § 483.) It has been so held with respect to section 483-b of the Penal Law in People v. Weinberger (2 A D 2d 806, affd. without opinion 2 N Y 2d 892). I see no distinction between that section and section 483. Section 483 as it is worded requires the proof of certain operative facts which make it impossible for the complainant to be indicted (or prosecuted as a delinquent minor) for its violation. I conclude that no corroboration of the testimony of A is necessary.
Upon the facts I find that the defendant has been proved guilty of the crime of violation of section 483 of the Penal Law beyond a reasonable doubt.
The verdict is not guilty of sodomy. Guilty of violation of section 483 of the Penal Law.