J. Irwin Shapiro, J.
This is a motion by the defendant ‘1 for an order setting aside the indictment filed against the defendant herein on or about the 14th day of December, 1961, charging him with the crimes of violations of Section 690 and Section 242 of the Penal Law, and for an order granting the said defendant permission to inspect the Grand Jury minutes of the testimony upon which this indictment was predicated ”.
The indictment charges sodomy in the second degree and assault in the second degree. The contention of the defendant is that ‘ ‘ the only evidence of acts of sodomy by the defendant is the testimony of-, who, by her own testimony clearly appears to be a voluntary participant and therefore a principal in the alleged sodomy.” Her testimony is that the acts complained of were not voluntary in nature. Therefore, whether or not the complaining witness is an accomplice depends upon whether there was a voluntary submission to the act on her part, and this is a question of fact which cannot be determined in advance of trial. (People v. Sileo, 202 App. Div. 760; People v. Holmes, 15 N. Y. S. 2d 438; People v. Knorr, 281 App. Div. 772.)
This objection therefore does not warrant either an inspection of the Grand Jury minutes or a dismissal of the indictment.
It is also contended as a ground for an inspection of the Grand Jury minutes and a dismissal of the indictment that “ The alleged evidence of corroboration, an essential element in this indictment, was the testimony of-, the voluntary participant’s Mother and said testimony completely fails to corroborate said participant’s testimony.”
The movant is in error in his belief that in the case of a sodomy charge corroboration of the complainant is essential. Judge Fuld in his concurring opinion in People v. Porcaro (6 N Y 2d 248, 252) said: “ I agree with Judge Van Voorhis for reversal both in this case and in People v. Oyola (6 N Y 2d 259), but I would place my decision upon the ground that, as matter of law, no conviction for impairing the morals of a child may validly rest on the uncorroborated testimony of the child victim. *101 Indeed, I have long believed that such was the law. (See, e.g., People v. Meyers, 309 N. Y. 837; People v. Rosen, 293 N. Y. 683; People v. Derner, 288 N. Y. 599; People v. Slaughter, 278 N. Y. 479; People v. Churgin, 261 N. Y. 661.) ”
However, the majority of the court, although reversing the conviction, did not agree that corroboration is essential as a matter of law. Judge Van Voorhis, speaking for the majority of the court (p. 252), merely held that the evidence in this kind of a case must be u of the clear and convincing kind * # * in order to sustain a conviction of this type ’ ’.
Whether the testimony of the 17-year-old complainant in this case is of that type cannot be determined from a reading of the court’s record. Her appearance upon the stand; the kind and nature of her testimony; her reaction to cross-examination and other factors which may occur upon the trial will of necessity determine whether there is present in this case the kind and character of testimony required for a conviction. That determination may not be made upon the facts in this record in advance of trial.
It is also contended that at the time of the alleged occurrence in March, 1961 the complainant was over 18 years of age and that, therefore, under the provisions of section 690 of the Penal Law the charge should be sodomy as a misdemeanor and not as a felony. The testimony in this case, as distinguished from the defendant’s contention, portrays the acts as having occurred in March of 1960 and, therefore, at a time when the prosecutrix was under 18 years of age. The motion is in all respects denied.