Nathae- R. Sobel, J.
This is a motion to dismiss the indictment. The indictment charges (1) incest, (2) assault, second degree, with intent to commit incest, (3) impairing the morals of a minor. All charges arise from a single act of intercourse allegedly committed on November 21, 1962. I have read the Grand Jury minutes. The only evidence before the Grand Jury is the testimony of the 15-year-old prosecutrix. She testifies that the act of intercourse took place on November 21, 1962, but that she made no disclosure until December 30, 1962. No evidence of a physical examination was presented. No other evidence, direct or circumstantial, supports the child’s accusations. Nor was she questioned concerning the circumstances surrounding the incident. She merely answered “ Yes ” to the question, “ Did an act of sexual intercourse take place? ”
The moving papers allege that a matrimonial dispute is in the background.
On such evidence, without more, no conviction has ever been sustained by our appellate courts. (People v. Christie, 16 A D 2d 598; cf. People v. Porcaro, 6 N Y 2d 248; People v. Oyola, 6 N Y 2d 259.)
But “ The Legislature has specifically relegated the question of whether a trial jury would return a conviction on this evidence to the judgment of the Grand Jury ”. (People v. Eckert, 2 N Y 2d 126, 129.) Until the Legislature changes this law or the People catch up with the universal trend and abolish the Grand Jury system in this State, the courts are bound by a Grand Jury finding even though it represents a futile act.
Rape requires independent supporting evidence (Penal Law, § 2013). Incest does not. (People v. Gibson, 301 N. Y. 244.) Yet both have as a root accusation an act of sexual intercourse.
A 15-year-old consenting female is not an accomplice in rape or incest. (People v. Gibson, supra.) But such a female is an accomplice whose testimony must be independently corroborated if the charge is sodomy. (People v. Rosenthal, 289 N. Y. 482; People v. McKinney, 20 Misc 2d 976.)
There is no logical basis for either of the foregoing distinctions.
People v. Lo Verde (7 N Y 2d 114) is a first recognition of one aspect of this problem. It holds that where the ‘ ‘ impairing ’ ’ charge specifically alleges an act of sexual intercourse, section 2013 which requires “corroboration” of a rape accusation would require corroboration of the impairing accusation. In logic, section 2013 should require corroboration of an incest *553 accusation because that charge requires a specific allegation of an act of sexual intercourse. On a trial I would so hold on the bare evidence in this case. But on a trial I may “ weigh ” the total evidence. On a motion of this kind I may not. (People v. D’Andrea, 26 Misc 2d 95.) I am also bound by the express ruling of People v. Gibson (301 N. Y. 244, supra), until at least an appellate court overrules that decision on the basis of Lo Verde (supra), and particularly Chief Judge Desmond’s basis for concurring in that opinion. The Chief Judge, I believe, holds that corroboration is required where there has been a “ defilement ”, no matter what the crime charged. (See my opinion in People v. Wasserbach, 185 Misc. 67, revd. 271 App. Div. 756.) Motion denied.