Per Curiam.

The only substantial issue is whether defendant, charged with the crimes of sodomy, sexual abuse, and endangering the welfare of a child, may be convicted solely upon the testimony of seven of his child victims. The answer is that he may.
Defendant contends that two separate corroboration statutes must be satisfied in this case: (1) CPL 60.22 (subd 1), which precludes conviction of any offense upon the uncorroborated testimony of an accomplice, and (2) former section 130.15 of the Penal Law (as amd by L 1972, ch 373), which precluded conviction of sex offenses upon the uncorroborated testimony of the victim (see, also, Penal Law, § 260.11).
It has been observed that the corroboration requirement for the crime of consensual sodomy is identical to that required for accomplice testimony (see Pitler, New York Criminal Practice under the CPL, 1974 Supp, at p 230; compare former Penal Law, § 130.15, subd 2, with CPL 60.22, subd 2). Since defendant’s offenses may not be properly regarded as "consen *610 sual” because of the ages of the child victims, it is appropriate to treat the statutory corroboration requirements separately.
The child victims, of vulnerable early adolescence, 13 and 14 years of age, in this case may not be considered "accomplices” of defendant within the meaning of CPL 60.22 (subd 2). That section defines an "accomplice” to be "a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged.” CPL 60.22 (subd 3) provides: "A witness who is an accomplice as defined in subdivision two is no less such because a prosecution or conviction of himself would be barred or precluded by some defense or exemption, such as infancy * * * amounting to a collateral impediment to such a prosecution or conviction, not affecting the conclusion that such witness engaged in the conduct constituting the offense with the mental state required for the conviction thereof.”
CPL 60.22 (subds 2, 3) were enacted to broaden the rule of People v Sweeney (213 NY 37, 46), which had defined an "accomplice” as one who at common law might have been convicted of the offense either as a principal or as an accessory before the facts (see People v Beaudet, 32 NY2d 371, 374-375). As stated by Judge Denzer, the chief draftsman of the new statute, this "definition was unduly restrictive and at odds with the purpose of the 'accomplice’ doctrine: namely, preclusion of conviction solely upon the testimony of persons who are in some way criminally implicated in, and possibly subject to, prosecution for the general conduct or factual transaction on trial” (Practice Commentary to CPL 60.22, McKinney’s Cons Laws of NY, Book 11 A, pp 194-195 [emphasis in original]; see People v Brooks, 34 NY2d 475, 477).
Thus, under the new statute, one would not avoid accomplice status merely because he was not a principal or an accessory. Nor would he avoid such status because a defense in bar, such as infancy, was available to him as an impediment to prosecution. But, nevertheless, to be an accomplice, he would have to be "in some way criminally implicated in, and possibly subject to, prosecution for the general conduct or factual transaction on trial.” Put another way, to be an accomplice, one would necessarily have to be at least potentially subject to sanctions of a penal character for his participation in the crimes of the defendant on trial.
*611 Of course, the children in this case were "victims”, as defined by statute, of defendant’s sex offenses (former Penal Law, § 130.15, subd 6, as amd by L 1972, ch 373). It is irrelevant whether the child victims would have had a defense of infancy as an impediment to possible charges arising from their conduct with defendant. More fundamentally, the child victims, being under the statutory age of consent, 17, were incapable, as a matter of law, of consenting to participate in defendant’s "consensual” crimes (Penal Law, § 130.05, subd 3, par [a]; see People v Weinberger, 2 AD2d 806, 807, affd 2 NY2d 892, cert den 354 US 913).
Under no circumstances, then, could they have been potentially subject to penal sanctions for their conduct. Hence, the indispensable prerequisite for accomplice status, that is, potential penal liability for participating in defendant’s crimes, was not present (see People v Gibson, 301 NY 244, 246; cf. Pitler, op. cit., 1974 Supp, at p 229: "Since the rationale underlying corroboration of accomplice testimony is the fear of false testimony in hope or exchange for some type of favorable treatment, it seems that the term 'participation’ in the offense [CPL 60.22] should encompass only those who have something to gain by giving testimony against a defendant” [footnotes omitted]). The child victims were not, therefore, accomplices of defendant as a matter of law (see 7 Wigmore, Evidence [3d ed], § 2060, pp 337-338, and cases cited in n 13). It would be anomalous indeed if the child victims, whom the consent statute seeks to protect, could be deemed "accomplices” in the crimes of a defendant who so terribly abused them.
Former section 130.15 (subd 1) of the Penal Law provides that a sex offender may not be convicted solely upon the uncorroborated testimony of his victim (see, also, Penal Law, § 260.11). In this instance, however, defendant committed his crimes on various occasions against a number of young boys, in different combinations, seven of whom testified against him at trial.
Here there was no lone victim whose testimony could have been deemed suspect under the conventional rationale underlying the requirement of corroboration. Indeed, the only case found which has passed on this problem allowed two complainants evidently abused in each other’s presence to corroborate each other’s testimony (People v Weinberger, 2 AD2d 806, 807, affd 2 NY2d 892, cert den 354 US 913, supra; see Pitler, op. cit, 1974 Supp, at p 219).
*612 Since the child victims were not accomplices of defendant as a matter of law, there is little reason to hold that their testimony was uncorroborated because they were all victims of defendant on different occasions and in different combinations. Indeed, the very nature of the crimes and defendant’s method of committing them connects, let alone tends to connect, defendant, all but conclusively, with the commission of all the crimes (see Director of Public Prosecution v Kilbourne [1973], AC 729, 747, 749; cf. Matter of Jose G, 68 Misc 2d 1043, 1049).
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed.