THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
KENNETH R. FACEY, SR., Appellant.

Fourth Department, February 21, 1986

### APPEARANCES OF COUNSEL

*Robert B. Shaad* for appellant.

*Lee Clary, District Attorney (Peter Blodgett* of counsel), for respondent.

### OPINION OF THE COURT

SCHNEPP, J.

Defendant has been found guilty of one count of incest involving his 18-year-old daughter, two counts of assault, one concerning his wife and the other his 13-year-old daughter and one count of endangering the welfare of this teen-age daughter. The predominant issue on this appeal is whether the adult female participant in the incestuous intercourse is an accomplice whose testimony is required to be corroborated.

The charges against defendant arose from separate incidents which occurred over an 18-month period. The earliest incident involved the assault on the younger daughter on or about July 7, 1982. The incest involving the older daughter allegedly occurred on or about August 23, 1983 and the alleged assault on defendant's wife took place during a family argument on January 3, 1984. The last incident prompted defendant's wife and daughters to report the alleged offenses to the police. Defendant was arrested on January 4, 1984.

After defendant was arrested he confessed to engaging in sexual intercourse in his bedroom on August 23, 1983 with his 18-year-old daughter. At trial this daughter, who was born on February 1, 1965, testified to an ongoing sexual relationship with defendant which began when she was eight years old. She stated that defendant first had sexual intercourse with her when she was 13 and that sexual relations continued, sometimes two or three times a month, until the incident of August 23, 1983. No claim was made that defendant ever used or threatened to use force. She testified, however, that once, when she was 14 or 15, she refused defendant and that his reaction was to ignore her totally "like I had done something terribly wrong and it hurt to be ignored". She said that after that incident the atmosphere in the house became very tense, defendant became irritable and she feared for the well-being of other members of her family and so continued having sex

with him. Concerning the encounter on or about August 23, she testified that she was washing dishes, that defendant asked her to go to the garage and that she complied and had sexual intercourse with him there. She did not make any effort to refuse defendant, although she testified that "emotionally I didn't want it to happen". It was her testimony that she was "afraid" of defendant and also fearful that if she did not comply he would "misuse the family in some way".

Defendant requested that the court charge corroboration under CPL 60.22, claiming that this witness was an accomplice as a matter of law or, at the least, that her status was a question for the jury.[1] The court refused and instead instructed the jury that "[i]f you believe [this witness'] testimony that sexual intercourse occurred between her and Kenneth Facey * * * her testimony as to that fact does not have to be corroborated or supported by any other evidence. The law only states that there has to be additional evidence from someone other than [the witness] tending to establish that Kenneth Facey is her father." We disagree.

Penal Law § 255.30 (2) provides that a person shall not be convicted of incest solely upon the testimony of the other party unless there is other evidence tending to establish that the defendant was a relative of the other party. This statute formerly required corroboration of the "testimony of the other party to the incestuous act" but was amended in 1982 to delete the requirement of corroboration of the sex act (L 1982, ch 659).[2] The purpose of the 1982 amendment was "to remove barriers to successful prosecution of child incest cases" (Hechtman, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 255.30 [1986 Pocket Part], p 62; see, 1982 NY Legis Ann, at 219-220). Although the Legislature's purpose was to make prosecution of child incest

---

1. CPL 60.22 (2) provides that

"[a]n 'accomplice' means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in:

"(a) The offense charged; or

"(b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged."

2. The amendment paralleled the elimination of corroboration as required proof in sex offenses. In 1974 (L 1974, ch 14) the Legislature removed the requirement of corroboration in forcible sex offenses (Penal Law § 130.16) and followed with a further relaxation in 1984 (L 1984, ch 89) by eliminating the requirement for corroboration where lack of consent resulted from the victim's incapacity due to age.

cases easier, the amendment was not limited to cases involving children and the statutory language literally applies to all incest cases. Defendant argues that the repeal of the specific corroboration requirement for incest merely restored the law to its state prior to the addition of Penal Law § 255.30 in 1965. He contends that under the law as it then existed a female over the age of consent who voluntarily engaged in sexual intercourse with a relative was considered an accomplice within the meaning of CPL 60.22 whose testimony must be corroborated. He argues, in effect, that as a result of the 1982 amendment to Penal Law § 255.30 now "[c]orroboration is needed not because of the particular crime charged [incest] but because of the category of witness who testified" (an adult participant). *(People v Berger,* 52 NY2d 214, 221.)

"At common law, it was the general rule that 'the testimony of a *single witness,* no matter what the issue or who the person, *may legally suffice as evidence upon which the jury may found a verdict'* " *(People v Berger, supra,* p 217; emphasis in original; *see, People v Gibson,* 301 NY 244, 245-246). "In more recent times, corroboration rules have been established, usually by statute, as part of the proof for certain crimes * * * or as a safeguard when particular categories of witnesses testify" *(People v Berger, supra,* p 217). "And, many years ago the Legislature saw fit to provide that the uncorroborated testimony of an accomplice would not suffice for a conviction" (p 219).

Until 1965 there was no specific corroboration requirement dealing with the crime of incest. Based on our research, prior to the addition of a requirement of corroboration in incest cases as part of the general revision and recodification of the Penal Law (L 1965, ch 1030; *see,* Hechtman, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 255.30, p 400), the need for corroboration of the testimony of an adult witness in incest cases had not been considered by any New York court on the appellate level *(compare, People v Oliver,* 25 NYS2d 602). The Court of Appeals mentioned the issue once. In *People v Gibson* (301 NY 244, 246, *supra),* the court held that "a female, *under the age of legal consent,* cannot, as a matter of law, be held to be an accomplice, even if her participation in the incestuous relationship was wholly voluntary" (emphasis in original), but then noted that "[t]his court has not yet had occasion to consider the question whether the testimony of an adult female participant in incestuous intercourse is required to be corroborated" (p 247).

The Legislature in 1965 foreclosed the issue by mandating corroboration in all incest cases as part of the required proof. The Legislature's repeal of the corroboration requirement in 1982 reopened the door for our consideration of this issue for the first time.

The trial court's quick rejection of defendant's contention that his adult daughter was an accomplice turned in part on the perception that incest is a sex offense and that she was defendant's "victim". The prosecutor at sentencing certainly adopted this approach and characterized defense counsel's efforts to portray the witness as an accomplice rather than a victim as "simply outrageous". The offense of incest certainly encompasses situations where the complaining witness has been victimized and to some extent overlaps specific sex offenses such as rape and sodomy.[3] Nevertheless, the Legislature classified this crime not as a sex offense but rather as an offense affecting the marital relationship, like adultery and bigamy (Penal Law art 255). The statute defining incest requires only that the party charged has engaged in sexual intercourse "with a person whom he or she knows to be related to him or her" within the specified degree and makes no reference to force or consent as conditions for guilt (Penal Law § 255.25). However, in addition to these elements the Court of Appeals has found implied in the statute the requirement that any person charged with incest must be legally capable of consenting to engage in sexual intercourse *(People v Gibson,* 301 NY 244, 246, *supra).* The Penal Law presumes that a person less than 17 years old is incapable of consenting to sexual acts (Penal Law § 130.05 [3]); therefore, it is apparent that a person less than 17 years old could never be found guilty of the crime of incest *(see, People v Gibson, supra,* p 246). Further, it is also obvious that the incest statute[4] does

---

**3.** The rule has been stated that incest exists only when the intercourse is voluntary and that when it is forced the only crime is rape; i.e., that incest and rape are not concurrent crimes *(People v Harriden,* 1 Parker Cr Rep 344); however, a later case, applying the rule of *People v Gibson* (301 NY 244), held that rape and incest are in fact concurrent offenses since the *Harriden* court erroneously assumed that incest was based only on an act of mutual consent while guilt is actually established whether the other party consents or not *(People v Wilson,* 206 Misc 880; *see generally,* 2 Callaghan, Criminal Law in New York § 41:19 [3d ed]).

**4.** Penal Law § 255.25 provides that: "A person is guilty of incest when he or she marries or engages in sexual intercourse or deviate sexual intercourse with a person whom he or she knows to be related to him or her, either legitimately or out of wedlock, as an ancestor, descendant,

not apply to persons over the age of 17 who have not voluntarily engaged in sexual intercourse (i.e., to actual rape victims), but that it does appear to apply to *all* persons who are defined in the statute, 17 or older, who engage in voluntary sexual relations. In such cases there is no "victim" and under the statute both participants could be charged with the crime. In practical application, as the legislative history supporting the repeal of the corroboration requirement shows (1982 NY Legis Ann, at 219-220), the offense of incest is widely viewed as an additional tool to combat child sexual abuse and most frequently involves prosecution of parents for offenses against their minor children. Prosecutions for incest involving consenting adults are rare; however, such situations do occur and, when they do, present the issue of whether a witness (the other party to the sex act) who has apparently violated the statute, even though less culpable, should be considered an accomplice whose testimony must be corroborated.

■ As a "general rule, which seems to be supported by the great weight of authority" an adult female who consents to sexual intercourse with her father is deemed to be an accomplice to incest whose testimony must be corroborated (Ann., 74 ALR2d 705, § 2, at 708). However, it appears that most jurisdictions often consider the issue to be one of fact rather than of law since proof of force, fear, fraud or undue influence which, although short of forcible compulsion, reflects on voluntariness has been held probative of the witness' status as an accomplice and to present a jury question (Ann., 74 ALR2d 705, § 7, at 719; *see, e.g., Lee v State,* 18 Md App 719, 308 A2d 397 [ongoing relationship over several years maintained by threats and intimidation]).

We agree with this reasoning that evidence of consent gained by threats, intimidation, fraud or undue influence presents a question of fact for the jury as to whether the witness acted voluntarily. Although in such cases the defendant may not be guilty of an actual rape or other sexual assault, it cannot be said as a matter of law that the witness is an accomplice to incest because he or she submitted to the advances of a dominant relative. Where such proof is present, the jury could find that although the witness had "assented" to intercourse with the defendant, she had not actually "consented" to it and was a victim and not an accomplice *(see,*

brother or sister of either the whole or the half blood, uncle, aunt, nephew or niece."

*Lusby v State,* 217 Md 191, 141 A2d 893). We do not attempt to articulate a test for determining when the issue of whether the witness is an accomplice should be submitted to the jury as an issue of fact, but hold only that each case should be decided upon its own facts. Here, however, the trial court erred in deciding as a matter of law that the witness was not an accomplice.

"At the very least, the issue whether [she] was an accomplice was a matter for the jury under proper instruction from the court" *(People v Ramos,* 68 AD2d 748, 752). We note that on a retrial the People will have the opportunity to reexamine this witness and to elicit additional facts concerning her relationship with her father. It may be that her testimony will suffice to show fear, intimidation or undue influence. Then, "[i]f the undisputed evidence establishes that [she] is an accomplice, the jury must be so instructed but, if different inferences may reasonably be drawn from the proof regarding complicity, according to the statutory definition, the question should be left to the jury for its determination" *(People v Basch,* 36 NY2d 154, 157).

We have held that, where there is overwhelming proof of guilt without an accomplice's testimony, the failure to charge that a witness was an accomplice whose testimony must be corroborated may be considered harmless error *(People v Sawyer,* 107 AD2d 1045). As a general rule, however, the failure to give an appropriate accomplice charge is " 'necessarily harmful error' " which requires a reversal *(People v Minarich,* 46 NY2d 970, 971; *see, People v Berger,* 52 NY2d 214, *supra; People v Van Denburg,* 107 AD2d 891; *People v Muccia,* 101 AD2d 930). Here, there was cross corroboration in the record consisting of defendant's confession to sexual relations with his daughter in his bedroom *(see, People v Coleman,* 42 NY2d 500; *see also, People v Pepper,* 59 NY2d 353, 359). However, defendant argued to the jury that his confession was involuntary because he was suffering from the effects of elevated blood sugar associated with his diabetes at the time he was arrested. We cannot say that the jury rejected this claim because defendant's statement and his daughter's testimony provided the jury with two very different versions of the alleged act of incest. There is a significant probability that the jury could have discounted defendant's confession and returned its verdict solely on the basis of the daughter's otherwise uncorroborated testimony. We note that while the defendant's statement to the police and his daughter's testi-

mony at trial (which was inconsistent with her own prior statement to the police) both described an act of sexual intercourse on or about August 23, 1983, they are consistent in no other detail, differing as to the precise date, time of day, and place of encounter. In our view, the error, which was preserved cannot be considered harmless and requires a reversal of the incest conviction (see, *People v Van Denburg,* 107 AD2d 891, *supra*).

■ Further, the conviction for the alleged January 3, 1984 assault by defendant against his wife was contrary to the weight of the evidence. The elements of assault in the third degree are that with intent to cause physical injury or recklessly the defendant causes "physical injury" to another person (Penal Law § 120.00 [1], [2]). As defined in Penal Law § 10.00 (9), physical injury "means impairment of physical condition or substantial pain". Here, there is no proof of an impairment of physical condition or substantial pain. Ordinarily, pain is a subjective matter and the question whether the "substantial pain" necessary to establish assault has been proved is a question for the trier of fact (see, *Matter of Philip A.,* 49 NY2d 198, 200). However, "it is clear from the inclusion of the word 'substantial' in the Penal Law definition that the Legislature did not intend a wholly subjective criterion to govern" and thus " 'petty slaps, shoves, kicks and the like' * * * are not within the definition" (p 200). Defendant's wife complained of no more than a petty shove and the conviction of one count of assault in the third degree should be reversed.

We have examined the other issues raised by defendant and find them to be without merit.

Accordingly, the conviction for incest should be reversed, the sentence vacated and a new trial granted on that count of the indictment. The conviction of assault on defendant's wife should be reversed, the sentence vacated and that count of the indictment dismissed.

DILLON, P. J., CALLAHAN, DENMAN and PINE, JJ., concur.

Judgment unanimously modified, on the law, and as modified, affirmed, in accordance with opinion by SCHNEPP, J.