## In the Matter of JESSIE C.

Fourth Department, February 1, 1991

APPEARANCES OF COUNSEL

*Pamela J. Bayer* for appellant.

*Ronald A. Case* for respondent.

**OPINION OF THE COURT**

BALIO, J.

Respondent Jessie C. appeals from an order finding him to

be a juvenile delinquent and directing that he be placed in the custody of the Division for Youth for a period of 12 months. The sole contention on appeal is that Penal Law § 130.20 (1) impermissibly discriminates on the basis of sex in violation of the equal protection provisions of the Federal and State Constitutions *(see,* US Const, 14th Amend, § 1; NY Const, art I, § 11).

The amended petition alleged that respondent, a 13-year-old male, was a juvenile delinquent in that he engaged in sexual intercourse with a 15-year-old female, and that such act, if committed by an adult, would constitute the crime of sexual misconduct in violation of Penal Law § 130.20 (1). The parties stipulated that there was no allegation of force and that the female could not consent to sexual intercourse by reason of her age. Respondent moved to dismiss the amended petition upon the grounds that Penal Law § 130.20 (1) violated the constitutional guarantees of equal protection of the laws; that he was incapable of consenting to the act by reason of his age, and thus, could not be held criminally responsible for his conduct; and that the petition should be dismissed in the interest of justice. Family Court rejected those contentions.

Penal Law § 130.20 (1) provides that

"A person is guilty of sexual misconduct when:

"1. Being a male, he engages in sexual intercourse with a female without her consent".

Because only a male can commit the crime of sexual misconduct, the statute discriminates on the basis of sex. The issue is whether the discriminatory treatment violates equal protection of the laws. In *People v Liberta* (64 NY2d 152, 168-170, *cert denied* 471 US 1020), the Court of Appeals observed,

"A statute which treats males and females differently violates equal protection unless the classification is substantially related to the achievement of an important governmental objective *(Caban v Mohammed,* 441 US 380, 388; *Craig v Boren,* 429 US 190, 197; *People v Whidden,* 51 NY2d 457, 460, app dsmd 454 US 803). * * *

"To meet their burden of showing that a gender-based law is substantially related to an important governmental objective the People must set forth an ' "exceedingly persuasive justification" ' for the classification *(Mississippi Univ. for Women v Hogan,* 458 US 718, 724; *Kirchberg v Feenstra,* 450 US 455, 461), which requires, among other things, a showing that the gender-based law serves the governmental objective

better than would a gender-neutral law *(Orr v Orr,* 440 US [268, 281-282; Comment, Rape Laws, Equal Protection, and Privacy Rights, 54 Tulane L Rev 456, 468]; cf., *Michael M. v Sonoma County Superior Ct.,* 450 US, at p 464, *supra)."*

Petitioner, the presentment agency, has failed to satisfy its burden in this case. Petitioner contends that the important governmental objective of this statute is the prevention of teen-age pregnancies. We note, however, that a female of any age can be a victim, and thus, the statute is not specifically related to the prevention of *teen-age* pregnancies. Assuming, nevertheless, that the prevention of early pregnancy is an important governmental objective of this statute *(see, People v Whidden,* 51 NY2d 457, 461, *appeal dismissed* 454 US 803, where the court found the specific objective of the statutory rape statutes to be the deterrence of sexual conduct between older males and teen-age girls), petitioner has failed to demonstrate that this objective can be better served by a gender-based law than by a gender-neutral law. Penal Law § 130.20 (1) proscribes both forcible and nonforcible sexual intercourse. The Court of Appeals has determined that a gender-neutral law "would indisputably better serve, even if only marginally, the objective of deterring and punishing forcible sexual assaults" *(People v Liberta,* 64 NY2d 152, 170, *supra).* Insofar as nonforcible sexual intercourse is concerned, petitioner has failed to present any cogent reason why deterring only the male would further the prevention of pregnancy better than imposing a deterrent sanction upon both participants. We find no substantial relationship between the objective of preventing pregnancy and a statute that permits 17-year-old females and 16-year-old males, or females under 18 and younger male victims, to engage in nonforcible sexual intercourse without criminal sanction. It is of some note that even in situations where young females may be especially vulnerable in relationships with older men, the Legislature, in 1987, gender-neutralized the statutory rape statutes *(see,* L 1987, ch 510).

■ Although we find the sexual misconduct statute to be unconstitutionally underinclusive, striking the statute is not the proper remedy. When a statute is constitutionally defective by reason of underinclusion, the court may strike the statute, thus rendering it applicable to no one, or strike the particular defect and extend the statute's coverage to those formerly excluded *(People v Liberta,* 64 NY2d 152, 170, *supra).* The "court's task is to discern what course the Legislature would have chosen to follow if it had foreseen our conclusions

as to underinclusiveness" *(supra,* at 171). In 1987, a proposed bill was introduced in the Senate (S 4931) that would gender-neutralize the statutes proscribing sexual misconduct and rape in the second and third degrees (Penal Law §§ 130.20, 130.25, 130.30). The proposal was amended, however, by deleting the sexual misconduct statute, and as enacted, the bill neutralized only the rape statutes. The documents in the Bill Jacket do not reveal why the Legislature omitted the sexual misconduct statute from the bill. Thus, one can discern only that the Legislature decided not to act upon the sexual misconduct statute at that time. We conclude that, given a choice between striking the gender bias or striking the statute in its entirety, the Legislature, as revealed by its 1987 action in connection with the rape statutes, would opt to gender-neutralize the statute. Therefore, the appropriate remedy is to strike the gender exemption and preserve the statute *(see, People v Liberta,* 64 NY2d 152, 170-172, *supra).* Under the circumstances, respondent's constitutional challenge, albeit successful, does not require reversal of his conviction *(supra,* at 172).

■ We further conclude that reversal is not required upon the ground, advanced by respondent in Family Court, that he was incapable as a matter of law of committing sexual misconduct. A "juvenile delinquent" is a person over 7 and less than 16 years of age who has committed an act which, if committed by an adult, would constitute a crime (Family Ct Act § 301.2 [1]). To satisfy the statutory requisite that the act amount to a "crime", the conduct of the juvenile must be of such a nature that, but for the defense of infancy (Penal Law § 30.00 [1]) or the commission of a designated felony while a juvenile (Penal Law § 30.00 [2]), the minor could be held criminally responsible for his behavior *(see,* Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 301.2, at 274). Although victims under the age of 17 are deemed incapable of consenting to sexual intercourse *(see,* Penal Law § 130.05 [3] [a]) and cannot be subjected to penal sanctions for their conduct *(see, People v Fielding,* 39 NY2d 607, 611; *People v Facey,* 115 AD2d 11, 14, *affd* 69 NY2d 836; *People v Weinberger,* 2 AD2d 806, 807, *affd* 2 NY2d 892, *cert denied* 354 US 913), respondent is not a victim. Respondent is charged with perpetrating sexual intercourse. Simply stated, respondent's consent is not an essential element of the crime. Although the State could have decriminalized participation by underage males in nonforcible sexual misconduct *(see,* 1 Robinson, Crim-

inal Law Defenses § 108 [c]), it has not done so. Family Court, therefore, correctly determined that the statute defining victims deemed incapable of consenting did not apply to respondent.

We nevertheless conclude that the order should be reversed in the interest of justice. The parties have stipulated that no force was employed and that respondent was only 13 years of age at the time. The female participant, who was two years older, could not be charged as the perpetrator by reason of the gender bias expressed in the sexual misconduct statute, and the respondent's act amounted to a crime only because the female participant could not consent by reason of her age. Given the parties' stipulation, respondent was no more at fault factually for his conduct than the female participant, and in our view, respondent's adjudication as a delinquent solely by reason of a gender-biased statute was manifestly unfair.

CALLAHAN, J. P., DENMAN, GREEN and DAVIS, JJ., concur

Order unanimously reversed, as a matter of discretion in the interest of justice, without costs, and petition dismissed.